## UNITED STATES *v.* WATSON.

APPEAL FROM THE COURT OF CLAIMS.

No. 369.   Submitted January 4, 1889. — Decided March 11, 1889.

The time of the service of a cadet in the Military Academy at West Point is to be regarded as a part of the time he served in the army within the meaning of the act of July 5, 1838, 5 Stat. 256, and should be counted in computing his longevity pay; and in an action to recover that pay he is entitled to judgment for so much of the amount thereon thus computed as is not barred by the Statute of Limitations.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Howard* and *Mr. F. P. Dewees* for appellants.

*Mr. R. B. Warden* and *Mr. W. W. Warden* for appellee.

MR. JUSTICE LAMAR delivered the opinion of the court.

On the 24th of February, 1886, the appellee, Malbone F. Watson, filed his petition in the Court of Claims, in substance as follows:

Claimant entered the United States Military Academy as a cadet, July 1, 1856; was appointed a second lieutenant of cavalry, May 6, 1861; first lieutenant of artillery, May 14, 1861; captain, March 9, 1866; retired from active service for loss of his right leg from wound received in line of duty, September 18, 1868. In computing his service for longevity pay he claims to be entitled to count his time as a cadet under the acts of July 5, 1838, 5 Stat. 256, c. 162, § 15; March 2, 1867, c. 145, § 9, 14 Stat. 423; July 15, 1870, Rev. Stat. § 1262. By so crediting his service, claimant alleges there is due him up to the time of filing his petition the sum of $2611.10.

To this petition the United States filed a general demurrer, which was sustained as to that part of the claim accruing six years before the filing of the petition, and overruled as to the rest of it, without prejudice. The court thereupon rendered

judgment in favor of claimant for $126.22. The United States appealed.

The ground upon which this judgment rests is, that the time of the service of claimant as a cadet in the Military Academy at West Point is to be regarded as a part of the time he served in the army within the meaning of the act of July 5, 1838, and should be counted in computing his longevity pay under that act; and that he is entitled to receive so much of the amount thereon thus computed as is not barred by the Statute of Limitations.

The provisions of the acts of Congress, relied upon as the foundation of the claim of the appellee, are as follows:

Section 15, act of July 5, 1838: "Every commissioned officer of the line or staff, exclusive of general officers, shall be entitled to receive one additional ration per diem for every five years he may have served or shall serve in the army of the United States: *Provided*, That in certain cases where officers are entitled to and receive double rations, the additional one allowed in this section shall not be included in the number to be doubled."

Section 9, act of March 2, 1867: "That § 15 of the 'Act to increase the present military establishment of the United States, and for other purposes,' approved July 5, 1838, be amended so that general officers shall not hereafter be excluded from receiving the additional ration for every five years' service; and it is hereby further provided that officers on the retired list of the army shall have the same allowance of additional rations for every five years' service as officers in active service."

Act of July 15, 1870, now § 1262, Rev. Stat.: "There shall be allowed and paid to each commissioned officer below the rank of brigadier-general, including chaplains and others having assimilated rank or pay, ten per centum of their current yearly pay for each term of five years of service."

That cadets at West Point were always part of the army, and that service as a cadet was always actual service in the army, has been settled by the decision of this court in the case of *United States* v. *Morton*, 112 U. S. 1, in which a question

almost identical with the one now before us was presented for consideration. In that case, Morton, the claimant, had entered the United States Military Academy at West Point as a cadet, July 1, 1865, had graduated therefrom June 15, 1869, and had served in the army as a commissioned officer from that date until March 31, 1883. In computing his service pay the accounting officers did not allow him credit for the time he had been a cadet at West Point as part of his time of service in the army; and he accordingly brought suit in the Court of Claims under the acts of February 24, 1881, and June 30, 1882, 21 Stat. 346, and 22 Stat. 118, respectively. These acts, among other things, provided that: "Additional pay to officers for length of service, to be paid with their current monthly pay, and the actual time of service in the army or navy, or both, shall be allowed all officers in computing their pay." The Court of Claims rendered judgment in favor of the claimant, which, on an appeal prosecuted on behalf of the United States, was affirmed by this court. In the opinion of the court it was stated that "the only question for decision is, whether the time of service as a cadet is to be regarded as 'actual time of service in the army.'" The court, after an elaborate examination and discussion of the laws bearing thereon and having relation thereto, answered that question in the affirmative, and said:

"From this review of the statutes, it cannot be doubted that, before the passage of the act of July 28, 1866, (now § 1094, Rev. Stat., which in so many words classes the cadets at West Point as a part of the army of the United States,) as well as afterwards, the corps of cadets of the Military Academy was a part of the army of the United States, and a person serving as a cadet was serving in the army. . . . The practical construction of the requirement of the act of 1838, that the cadet should engage to serve for eight years, shown by the fact that the form of the engagement in this case was to 'serve in the army of the United States for eight years,' is a circumstance of weight to show that the government, from the beginning, treated the plaintiff as serving in the army. The service for which he engaged began on the 1st of July, 1865, and the eight years ran from that time. That being his status, the acts of

1881 and 1882, in speaking of 'actual time of service in the army,' cover the time of his service as a cadet. . · . . Under the statutes involved in the present case, a cadet at West Point is serving in the army as fully as an officer retired from active service is serving in the army, under the statutes which apply to him, so far as the question of longevity pay is concerned."

More direct and emphatic language could not be used to support the contention of the claimant in this case. The words "actual time of service in the army," as used in the act of February 24, 1881, are not more expressive of cadet service at West Point, than are the words "for every five years he may have served or shall serve in the army of the United States," as used in the act of July 5, 1838. They both mean the same kind of service; and we are of the opinion that such service should be reckoned in computing longevity pay prior, as well as subsequent, to the act of February 24, 1881.

We also concur with the Court of Claims, that in this case there can be no recovery for any part of the claim that accrued prior to February 24, 1880, the day when the bar of the Statute of Limitations took effect. Rev. Stat. § 1069. The claim sued on is valid as to that part of it which accrued after that date.

For these reasons the judgment of the Court of Claims is

*Affirmed.*