EichardsoN, Cfi. J.,
delivered tfie opinion of tfie court:
Prager & Co. were original sufferers by tfie seizure by tfie Frencfi in 1798 of tfie ship Concord, Thompson, master.
They were adjucated bankrupts, and an assignee or assignees of their estate was appointed under tfie Act April 7, 1800, chapter 19, (2 Stat. L., 19). The administrator of tfie surviving assignee in bankruptcy came in and presented tfie claim of Prager & Co. for indemnity under tfie Act of January 20, 1885, chapter 25 (1 Supp. Rev. Stat., 2d ed., p. 471).
Daniel L. Prager having been appointed administrator of Mark Prager, jr., surviving partner of tfie firm of Prager & Co., moves tfiat fie be substituted in place of said assignee in bankruptcy as claimant, and tfiat tfie court make its award in fiis favor on behalf of tfie next of kin of tfie original sufferers, whom fie represents, instead of to tfie representatives of tfie assignee in bankruptcy.
This involves tfie-interpretation of tfie proviso in section 4 Aet 2Iareh 3,1891, chapter 540 (1 Supp. Rev. Stat., 2d ed., p. 925), which act, so far as it is material on this motion, is as follows:
S £? p4 § ® á 2.3 ñ 2 g-4á p-s pj'ti a3 ffl -rt d Cf ® (§73 ®_ =§ g ® I ñ ® s 2pi 3 -2 b'pi-g ° ° O O5 I $ 31 CD _ et- G ! 2. o p b & g. «= O V2 CC Hj3 S 02 m'" S y. C QP ^ 5 g ® o a.® 02 e+- ^ <r* O’ hi a. o H B 02 S, ,® O ? c3
* * # # * • # #
“Sec. 4. To pay the findings of tfie Court of Claims on tfie following claims for indemnity for spoliations by tfie Frencfi prior to July tfiirty-first, eigfiteen hundred and one, under tfie act entitled ‘An act to provide for tfie ascertainment of claims of American citizens for spoliations committed by tfie French prior to tfie tfiirty-first day of July; eigfiteen hundred and one,’ namely; * * * [Here folloio specific appropriations to numerous persons loy name upon different vessels named.]
all cases where tfie original sufferers were adjudicated bankrupts tfie award shall be made on behalf of tfie next of kin instead of to assignees in bankruptcy,
“And tfie awards to tfie cases of individual claimants shall not be paid until tfie Court of Claims shall certify to tfie Secretary of tfie Treasury tfiat tfie personal representatives on *144 whose behalf the award is made represents the nest of kin, and the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards.” [March 3,1891.]
The question is whether the words of the first part of the proviso, “ that in all cases where the original sufferers were adju-cated bankrupts the award shall be made on behalf of the next of kin, instead of to the assignees in bankruptcy,” are to apply to the appropriations made in the act or to the future findings of the Court of Claims.
On one side it is contended that a proviso relates only to what is before it in the same act, and that here it must be interpreted to refer only to the claims therein appropriated for. When technically and artistically employed, that is undoubtedly the common-law interpretation.
.But there is abundant authority for a different interpretation in numerous classes of cases. Dwarris on Statutes (2d ed., p. 514) says:
' “A proviso is something engrafted upon a preceding enactment, and is legitimately used for the purpose of taking special cases out of the general enactments and providing specially for them. In its abuse it contains all unconnected matters and disposes of whatever is incapable of combination with the rest of any clause.”
In Carroll v. The State, the Supreme Court of Alabama thus refers to the effect of a proviso:
“Because the term provided is used in the law it does not necessarily follow that the matter which may succeed it is & proviso in its technical sense; it is the matter of the succeeding words, and not the form, which determines whether it is or not a technical proviso.” (50 Ala., 396.)
The long practice of Congress in enacting general legislation by provisos in appropriation acts is so well known to all persons familiar with the statutes of the United States, that the court can not avoid taking judicial notice of it, and, in interpreting appropriation acts, giving due consideration to that fact, so that the will of Congress shall be carried out in whatever form it may be expressed.
The ambiguity in the matter under consideration arises from the use of the word “award” in this sentence:
*145 “Provided, That in all cases where the original sufferers were adjudicated bankrupts the award shall be made on behalf the next of kin instead of to assignees in bankruptcy.”
There is nothing whatever in the preceding part of the act to which the word can legitimately or technically apply. An appropriation is not an award in any sense of the word and is never so called, popularly or otherwise.
We must therefore look for some other meaning of the word as used by Congress in this connection, and we may take into consideration all the circumstances connected with the act in which it occurs, as well as previous legislation on the same subject.
On January 20, 1885, Congress passed the “ act to provide for the ascertainment of claims of American citizens for spoliations committed by the French prior to the thirty-first day of July, eighteen hundred and one ” (Ch. 25; 1 Supp. Rev. Stat., 2d ed., p. 471).
Section 1 provides that citizens having such claims “may apply by petition to the Court of Claims within two years from the passage of this act, as hereinafter provided.
Section 3 enacts “that the court shall examine and determine the validity and amount of all the claims included within the description” mentioned.
Section 6 is as follows:
“That on the first Monday of December in each year the court shall report to Congress, for final action, the facts found by it, and its conclusions in all cases which it has disposed of and not previously reported.
“Such finding and report of the court shall be taken to be merely advisory as to the law and facts found, and shall not conclude either the claimant or Congress.”
In pursuance of this act the court proceeded to investigate such cases as were brought before it and reported to Congress their conclusions of fact and of law in each case. Among the claimants were several assignees, or representatives of assignees, of original sufferers who had been declared bankrupts, and the court reported in those cases that the assignees, or representatives of the assignees, were entitled to receive from the United States the sum found to be the amount of the losses.
In Congress an appropriation bill was drawn and printed containing appropriations for all the persons named in the reports of the Court of Claims. From that bill were stricken *146 oi.it all appropriations to assignees in bankruptcy so far as their representative character appeared in the language of the act. This is a decided indication that Congress did not .intend to pay assignees in bankruptcy.
To provide for future cases of like kind they added the proviso now under consideration. It was quite natural that they should designate the findings of the Court of Claims as “awards.” The reports in spoliation cases are not judgments, and are to be taken to be merely advisory as “to the law and facts found.” This is so by reason of the express provision of the spoliation act, and is not applicable to cases under the general jurisdiction of the court. The findings in spoliation cases are in the nature of awards and may be properly so designated. To them the word applies with more propriety than to anything in the act itself.
We hold that the proviso means that in all future reports to Congress the court shall regard the administrator of the original sufferer, representing the next of kin, as entitled to the amounts found, due instead of the assignees in bankruptcy wherever the original sufferers were declared bankrupts.
The court will, however, find the fact of adjudication in bankruptcy and the appointment of assignees, and will report the same for the information of Congress.
If the administrator obtains the consent of the assignee in bankruptcy in this and other cases now pending, he may come in on motion and be substituted as claimant.
Weldon, J., was absent when this case was decided and took no part in the decision.