Nott, J.,
delivered tbe opinion of tbe court:
Tbe French Spoliation Act 1885 (23 Stat. L., 283) does not indicate the persons, if any, to whom relief will be ultimately granted. On tbe contrary, it provided that nothing in tbe act shall commit tbe United States to tbe payment of these claims (§ 6). Tbe decisions and reports of tbe court in these cases are consequently neither judgments nor final awards, but simply tbe determination of abstract rights for tbe information and guidance of Congress. When tbe act was passed none of tbe original sufferers save bodies corporate could in tbe ordinary course of events have been living. In pursuance of another xirovision of tbe statute (§ 3), that tbe court “shall examine and determine tbe validity and amount of tbe claims,” “together with their present ownership, and if by assignee tbe date of tbe assignment, with tbe consideration paid tbere-for,” tbe court determined tbe international rights of tbe original sufferers to indemnity or redress as against France or tbe United States, and regarded tbe “present ownership” as lodged in tbe personal representative, who might maintain a suit at law if tbe claim were an ordinary chose in action; i. e., *330 in the administrator of the original sufferer, or in the administrator of an assignee where a claim was assigned, or in an assignee in bankruptcy, or in the receiver of a corporation.
Accordingly the court required no further evidence upon this point than proof of administration and proof of identity, i. e., that' the prosecuting claimant in fact represents the decedent whom he claims to represent. Whether he in fact also represents the descendants of the original sufferer, his collateral relations, his legatees, his creditors, or no living person whomsoever were questions which the court was not authorized under the original act to inquire into. Assignees were the only parties in interest that the court was directed to ascertain and report to Congress.
It was not supposed, or to be supposed that Congress would award money to administrators technically representing an estate, but in fact representing no living person legally or morally entitled to relief. To whom the money should go, if awarded by Congress, had to be a matter of future legislation.
Congress accordingly enacted, when the first appropriation was made for the payment of this class of claims:
“Provided, That in all cases where the original sufferers were adjudicated bankrupts the award shall be made on behalf of the next of kin instead of to assignees in bankruptcy.
" And the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives on whose behalf the award is made represents the next of kin, and ■ the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards.” (Act 3d March, 1891, 26 Stat. L., ch. 540, pp. 862, 908.)
The court has construed this to be general legislation, and has held that in all future reports to Congress only the acfininistrator who represents the next of kin of the original sufferer will be regarded as the party entitled to relief. (The Ship Concord, 27 C. Cls. R., 142.)
In the present case there are no next of kin. The proceedings were instituted by the administrator of the estate of the widow of the original sufferer, and he rests his right to prosecute upon the facts thatthelatter bequeathed all of his property to her, including “money to be recovered due me f that by the law of Maryland she took all of her deceased husband’s estate, *331 real and personal, and that be, the administrator, represents her nephews and nieces. Another administrator, that of the estate of the.hnsband, the original sufferer, now comes in and asks to be substituted, with the consent of the first, as claimant. But he, in fact, represents no knoVn heir, descendant, or collateral relative.
There have been two instances where Congress has given relief to persons who were not next of kin.
The first of these was the case of a gift inter vivos, or of an assignment by the merchant owner of a cargo to the trustee of a widow and her daughter. The real consideration for the assignment was “love and affection borne to Mrs. and Miss Preble for acts of kindness shown the assignor in his old age.” (Ship Rosanna, Act 3d March, 1891.)
The second case was that of an administrator who had obtained an award by the Act 3d March, 1891 (26 Stat. L., 852), but could not obtain the certificate that he represented the next of kin, inasmuch as there were no blood relations of the original sufferer. The administrator had really prosecuted the claim for the benefit of his widow’s next of kin, the case being substantially like the present one. Congress thereupon enacted :
“ That the clause reading as follows : ‘'William Milligan, administrator of George Wattles, deceased, twenty-one twenty-one thousand eight hundred and thirty dollars, in the act making appropriations to supply deficiencies in the appropriations for the fiscal year ending June thirtieth, eighteen hundred and ninety-one, and for prior years, and for other purposes,’ passed March third, eighteen hundred and ninety-one (page nine hundred and four of volume twenty-six, United States Statutes at Large), be, and the same is hereby, amended so as to read as follows:
“‘William Mulligan, administrator of George Wattles, deceased, twenty-one thousand eight hundred and thirty dollars ; and the award in this case shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representative on whose behalf the award is made represents the next of kin, or in the event the court shall find therewereno next of kin and that there is a widow, then that such widow is so represented. Ending June thirteenth, eighteen hundred and ninety-one, and for prior years, and for other purposes, to be paid to the person or persons entitled to recover and receive the same, to be ascertained by the Court of Claims upon sufficient evidence and certified to *332 the Secretary of the Treasury.” Act 3d March. 1893 (Stat. L. p. 674).’
It must be conceded that in tiffs second instance Congress recognized other than, the blood relations of the original sufferer as entitled to relief. Nevertheless the provision in the act of 1891 restricting relief to the next of kin is general, and these two instances are special and exceptional. The court is of the opihion that the general provision of law must be maintained, and that an administrator should not be allowed to come in who, having neglected to institute proceedings within the jurisdictional period when he might have done so as a matter of right, does not now represent persons entitled to relief— that is to say, the next of kin of the original sufferer.
The order of the court is that the motion to substitute George W. Lockwood, administrator of John A. Dubernat, as claimant in the place of John L. Durkee, administrator of Louisa E. C. Durkee, be overruled, and that the case be reported to Congress.