Baknet, J.,
delivered the opinion of the court:
The question for decision in this case arises upon the demurrer of the defendants to the plaintiffs petition. The plaintiff’s attorneys in their brief have very aptly epitomized the allegations of the petition as follows:
(1) The claimant was a cadet in the Military Academy from July 1,1855, to July 1,1860, when he was commissioned in the United States Army, where he is still serving, being now on the retired list.
(2) While serving as a commissioned officer he was entitled to longevity pay, that is, to an increase of pay for every five years o.f service in the Army of the United States.
(3) The War and Treasury Departments then held that officers were not entitled to count for purposes of longevity pay the service rendered at the Military Academy.
(4) The Supreme Court in United States v. Morton (112 U. S., 3), decided October 27, 1884, and United States v. Watson (130 U. S., 80), decided March 11, 1889, held that officers of the Army were entitled to count cadet service in computing longevity pay.
(5) The Second Comptroller of the Treasury refused in 1890 to follow the decisions of the Supreme Court in the Morton and Watson cases and the claimant’s claim for longevity pay based on the construction of law upheld by the court in these cases was denied by the second comptroller.
(6) A later comptroller in 1908 decided that the decision of the Supreme Court of the United States should be followed for the future by the accounting officers.
(7) But he held that cases once rejected should not be reopened, and the auditor refused to consider the claimant’s case because of the prior adverse settlement of the second auditor.
The plaintiff seeks to recover in this suit by virtue of a provision in the sundry civil appropriation act of March 4, 1907 (34 Stat. L., 1356), which is as follows:
*411 “ Back pay and bounty: For payment- of amounts for arrears of pay of two and three year volunteers, for bounty to volunteers, and their widows and legal heirs, for bounty under the act of July 28, 1866, and for amounts for commutation of rations to prisoners of war in rebel States, and to soldiers on furlough, that may be certified to be due by the accounting officers of the Treasury, during the fiscal year 1908, $200,000; _
_ “Provided, That in all cases hereafter so certified the said accounting officers shall, in stating balances, follow the decisions of the United States Supreme Court or of the Court of Claims of the United States after the time for appeal has expired, if no appeal be taken, without regard to former settlements or adjudications by their predecessors.”
It is the contention of the plaintiff that the last clause of said provision, though nominally a proviso, is in fact a separate and independent statute, and that, in addition to the cases mentioned in the first clause, it provides for another entirely separate class of cases of which the case at bar is one; while on the other hand it is contended by the defendants that the second clause of the statute in question is a genuine proviso, and was added for the purpose of explaining and amplifying the first clause, and applies only to the class of cases therein mentioned. Some other collateral questions were presented and discussed in the briefs of both parties, but upon the oral argument before the court it seemed to be conceded that the question above stated was all there was to be considered in the disposition of the demurrer in this case. It doubtless must be conceded that if this pror viso was an independent piece of legislation, not in any way connected with any other statute, it would have the effect claimed by the plaintiff.
The object to be attained in the construction-of statutes is to ascertain and give effect to their true intent and meaning. If this intent and meaning is expressed in plain and unambiguous language, a bare reading suffices and there is no room for invoking any of the various rules of interpretation, for, as it is sometimes said, it interprets itself, or it is not allowable to interpret what has no need of interpretation. Where, however, there is any uncertainty or ambiguity in the language used in a statute, the true intent of the law *412 making power must be sought after under certain well-established rules of interpretation. It must always be borne in mind, however, that whatever intent and meaning is given to a statute by construction, it must be consistently within its language, for it is the duty of courts to construe statutes, but not to make them.
In construing the statute in question, it is first to be considered that it is a proviso attached to the appropriating clause of the statute, and to determine the effect of that fact upon its interpretation. A proviso has been defined by one of the standard writers on statutes as something engrafted upon a preceding enactment, and as being legitimately used for the purpose of taking special cases out of the general enactments and providing specially for them. (Dwarris on Statutes, 514.) The Supreme Court has said: “ The proviso is generally intended to restrain the enacting clause and to except something which would otherwise have been within it, or in some measure to modify the enacting clause.” (Wayman v. Southard, 10 Wheat., 1, 30.) These definitions convey the idea that it is the office of provisos to restrict rather than enlarge the operation of the enacting clause. The fact that the opposite is often the object sought by a proviso is recognized in the case of Georgia Banking Co. v. Smith (128 U. S., 174), where it is said:
“ The difficulty attending the construction of the clause following this one arises from the doubt attached to the meaning of the term ‘ provided.’ The general purpose of a proviso, as is well known, is to except the clause covered by it from the general provisions of a statute, or from some provisions of it, or to qualify the operation of the statute in some particular. But it is often used in other senses. It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them to precede their proposed amendments with the term 1 provided,’ so as to declare that, nothwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater signification than would be attached to the conjunction ‘ but ’ or £ and ’ in the same place, and simply serving to separate or distinguish the different paragraphs or sentences. Several illustrations are given by counsel of the use of the term in this sense, showing, in such cases, *413 where an amendment has been made, though the provision following often has no relation to what precedes it.” (Ibid., 181.)
The practice, however, is so common for Congress to enact independent and permanent legislation by provisos appended to appropriation bills that courts are constrained to take judicial notice of this fact, as remarked by the late Chief Justice Richardson in Henry v. United States (27 C. Cls. R., 142, 144). Notwithstanding this well-known established practice, however, it still remains the duty of courts to recognize the general rule as to the office of provisos to the extent at least of the presumption of their having some relation to the enacting clause to which they are attached. In other words, to interpret them together as constituting one expression of the legislative intent, and to limit the proviso to a modification or explanation of such intent if that is fairly within its interpretation. The courts should not go afield to give a far-reaching and important effect to a proviso far beyond and in addition to its modification of the statute to which it is attached. However often Congress may enact independent legislation by way of a proviso, the presumption and the prevailing practice is otherwise, and where a statute is presented for construction with a proviso attached, it is the duty of the court to construe them together as one enactment if that is reasonably within their terms. This rule is recognized by the Supreme Court in White v. United States (191 U. S., 545), where in discussing the office and interpretation of a proviso, it is said:
“It is undoubtedly true that in congressional legislation provisos have been included in statutes which are really independent pieces of legislation, but this is a misuse of the usual purpose and effect of a proviso, which is to make exception from the enacting clause, to restrain generality, and to prevent misinterpretation. Minis v. United States (15 Pet., 423). If possible, the act is to be given such construction as will permit both the enacting clause and the proviso to stand and be construed together with a view to carry into effect the whole purpose of the law. (1 Kent, 463.) The purview of the act and the words of the proviso must be reconciled if may be, and the operation of the proviso may be limited by the scope of the enacting clause.” (Ibid., 551.)
*414 Applying this rule to the statute under consideration, what is the result? The enacting clause appropriates a specified sum, “ For payment of amounts for * * * [not mentioning cases like the plaintiff’s] that may be certified to be due by the accounting officers of the Treasury.” The proviso follows and amplifies this enactment by stating how such “ amounts ” are to be determined, i. e., the decisions of the Supreme Court and the Court of Claims are to be followed by such accounting officers regardless of former settlements or adjudications made by their predecessors. Upon its face a plainer statute was never written, and were it not for the fact that there were other cases where the decisions of the courts had conflicted with the adjudications of the accounting officers, no one would have ever dreamed that there was any room for its construction or interpretation.
Much stress is placed by the plaintiff upon the fact that the word “ all ” is put in the proviso just preceding the word “ cases.” True that word was not needed to embrace the cases named in the enacting clause, but it is not seldom that useless modifying words and phrases are employed in statutes and other important papers. If the author of the Declaration of Independence had said that “ men are created equal,” etc., the doctrine intended would have been literally expressed, but he saw fit to be more rhetorical and said “ all men are created equal,” etc.
Our attention has also been called to the fact that this proviso mentions “ decisions of the Supreme Court ” as well as decisions of the Court of Claims, while as a matter of fact the claims provided for in the appropriating clause have never been passed upon by the Supreme Court, but that the class of cases to which the plaintiff’s belongs has been. This fact was pressed upon the court with much vigor and legal acumen at the oral hearing as a circumstance showing that the proviso was general legislation instead of a mere interpretation and enlargement of the first clause. It must be admitted that there is considerable force in this contention and it has been duly considered. It is not, however, believed to have the effect of taking from the proviso its character and effect as such, when we take into consideration its otherwise plain application to the first *415 clause only. It would b’e dangerous to charge upon Congress an intention to enact independent legislation so important in its results, because of its use of a few superfluous words in a clause of a statute, named and having all of the characteristics of a proviso.
We have no right to resort to mere conjecture in the construction of a statute to determine the intent of Congress where its terms are clear and explicit, but if we were to do so in this case it is unbelievable that Congress ever intended to make the proviso in question applicable to a class whose claims have been the subject of so much litigation and notice as that class to which the plaintiff’s claim belongs. Congress has sent more than a hundred similar claims to this court for findings of fact under the Tucker Act, and has sent most, if not all, of them here since the enactment of the statute under consideration. If it had intended to give jurisdiction to this court to render judgment in that class of cases why has that been done ?
When construed in connection with the appropriation clause to which it is attached, the proviso in question is so plain and simple that its meaning can not be misunderstood, and we do not believe it is within the province of a court to take it from its given connection, and thus give it a sweeping application to such an important class of cases not particularly named.
It follows from the foregoing that the demurrer should be sustained and the claimant’s petition dismissed, and it is so ordered.