## GILMARTIN v. UNITED STATES.

### No. 142–52.

United States Court of Claims.

Jan. 13, 1953.

Whitaker, J., dissented.

Samuel T. Ansell, Jr., Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the brief.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is an action by a retired army officer for the difference in retired pay of a colonel with over 26 years' service, to which plaintiff asserts he is entitled, and the retired pay of a lieutenant colonel with like service, which plaintiff has actually received, since August 1, 1950.

Plaintiff entered the United States Military Academy on June 14, 1918, and served

as a cadet from that date to June 27, 1918, and from August 31, 1918, until his graduation on June 14, 1922. Upon graduation he was commissioned as a second lieutenant in the infantry. He thereafter served continuously on active duty as an officer in the United States Army until July 31, 1950, when he was retired as a lieutenant colonel, in which grade he had served for a number of years.

Plaintiff's retirement was effected under the provisions of section 5 of the Act of July 31, 1935, 49 Stat. 507, as amended by section 3 of the Act of June 13, 1940, 54 Stat. 380, and as further amended by section 202, Title II, of the Act of June 29, 1948, 62 Stat. 1084, 10 U.S.C.A. §§ 943a, 971b.

On the date of his retirement plaintiff had completed more than 28 years of active commissioned service. Since July 31, 1950, plaintiff has received retired pay at the rate of 70 percent of the active duty pay of a lieutenant colonel with over 26 and less than 30 years' service. It is plaintiff's contention, however, that he is entitled to have his retired pay computed on the basis of the active duty pay of a colonel rather than of a lieutenant colonel. In support of this contention plaintiff relies upon section 521(b) of the Officer Personnel Act of 1947, 61 Stat. 913, 10 U.S.C.A. § 971c, which provides as follows:

"* * * Any officer in the permanent grade of lieutenant colonel retired after January 1, 1946, upon his own application, or for physical disability, or mandatorily by reason of reaching a prescribed age, or by reason of having completed a prescribed length of service, shall, if at time of retirement he has completed twenty-eight years or more of active Federal commissioned service *and has served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918,* unless entitled to be retired in a higher grade under some other provision of law, be retired in the grade of colonel with retired pay computed as otherwise provided by law for a colonel with the same length of service including all

service now or hereafter credited for active duty pay purposes." [Italics added.]

The only question here is whether plaintiff qualifies under the particular requirement of this provision that an officer thereunder must have served "in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918".

Plaintiff contends that his cadet service at the Academy prior to November 12, 1918, constituted service "as a member of the military or naval forces of the United States" within the meaning of section 521 (b) of the Officer Personnel Act of 1947, supra. If his contention is correct he is entitled to summary judgment on his claim, since there are no material facts in dispute. Otherwise the petition must be dismissed.

Prior to 1912,

"The question whether service in either of the Academies was Army or Navy service which should count for longevity pay and retirement was a long-standing issue between the officers of the Army and Navy who were graduates of the two Academies on the one hand and the officers who were not graduates and the accounting officers of the Treasury on the other." United States v. Noce, 268 U.S. 613, 617, 45 S.Ct. 610, 611, 69 L.Ed. 1116.

In 1912 Congress enacted the following provision:

"That hereafter the service of a cadet who may hereafter be appointed to the United States Military Academy or to the Naval Academy shall not be counted in computing for any purpose the length of service of any officer of the Army." The Army Appropriation Act of August 24, 1912, § 6, 37 Stat. 569, 594.

A similar provision was made in the Naval Appropriation Act of March 4, 1913, 37 Stat. 891.

In United States v. Noce, supra, it was unsuccessfully contended that these provisions in the acts of 1912 and 1913 were impliedly repealed by the act of May 18,

1920, 41 Stat. 601, 604, 37 U.S.C.A. § 4a, which provided:

> "That hereafter longevity pay for officers in the Army, Navy, Marine Corps, Coast Guard, Public Health Service, and Coast and Geodetic Survey shall be based on the total of all service in any or all of said services."

In rejecting the argument of implied repeal the Supreme Court stated:

> "In view of this long-continued controversy, which before 1912 had finally been settled only by two decisions of this court [United States v. Morton, 112 U.S. 1, 5 S.Ct. 1, 28 L.Ed. 613, and United States v. Watson, 130 U.S. 80, 9 S.Ct. 430, 32 L.Ed. 852], it is inconceivable that the two acts of 1912 and 1913, nullifying the effect of those [two] decisions, and passed after a heated struggle, should have been repealed without mention of the cadet service in the proviso now said to have worked this result." 268 U.S. 613, 618, 45 S.Ct. 610, 611.

The Act of August 24, 1912, is still the law, and must govern plaintiff's rights to the extent that it is applicable. Plaintiff concedes that he may not credit the period of his cadet service in computing the requisite minimum 28 years' service (which plaintiff has anyhow, exclusive of cadet service), but contends that the operation of the act of 1912 is exhausted at that point, and that the act does not apply further to deny the *fact* of service prior to November 12, 1918. Plaintiff argues that under the Morton and Watson cases, supra, cadet service was service in the military forces prior to 1912, and since the act of 1912 referred only to *length* of service, the right to recognition of the *fact* of cadet service as service in the military forces remained unimpaired by that act.

■ The extent to which the concept of service may be divisible by Congress into fact of service and length of service so that cadet service is credited as the former but not as the latter, is subordinate here to the question whether such a distinction was actually intended or incorporated into the act of 1912. We think not.

Our attention has been directed to nothing in the course of events leading up to the passage of the act of 1912 to so indicate. Nor is there any evidence in the act itself that such a distinction was contemplated.

Further, the Supreme Court in United States v. Noce, supra, concluded that the 1920 statute providing for longevity pay on the basis of the total of *all service* in the Army, Navy, Marine Corps, etc., did not permit credit for cadet service in the face of the 1912 act excluding cadet service "in computing for any purpose the length of service of any officer of the Army." Since the Court considered that the 1912 act nullified the effect of United States v. Morton, and United States v. Watson, both supra, upon which plaintiff relies for the proposition that cadet service was service in the military forces, and since the Court also clearly indicated grave doubt as to whether there was any real inconsistency between the acts of 1912 and 1920, it must be concluded that the Court acted on the basis not that the 1912 act was an implied exception to the 1920 act, notwithstanding the apparent all-inclusiveness of the language of the latter provision, but that cadet service was indeed not service in the Army at all. Otherwise there would have been a very obvious inconsistency between the two acts. Yet the Court concluded:

> "It is, indeed, very difficult to say that there is any real inconsistency between the proviso of 1920 and the acts of 1912 and 1913. * * * This, it seems to us, is a strained method of first finding an inconsistency, by no means clear if it exists at all, and then erecting it into an implied repeal. Implied repeals are not favored. * * *" 268 U.S. 618–619, 45 S.Ct. 612.

■ Thus if by operation of the 1912 act cadet service was excluded from "any or all of said services [Army, Navy, Marine Corps, etc.,]" in the 1920 act, we think cadet service was equally excluded from

"the military or naval forces of the United States" in section 521(b) of the Officer Personnel Act of 1947 under which plaintiff here claims.

It might be finally noted that adoption of plaintiff's theory would reintroduce into law the very type of discrimination between academy-trained officers and officers trained in civilian colleges at their own expense, the abolition of which was apparently a prime motivation in passage of the 1912 act.

Thus plaintiff's claim here must be rejected. Plaintiff's motion for summary judgment must be denied. Defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

It is so ordered.

HOWELL, MADDEN and LITTLETON, Judges, concur.

WHITAKER, Judge (dissenting).

I am unable to agree with the opinion of the majority. Under section 521(b) of the Officer Personnel Act of 1947, 61 Stat. 913, a lieutenant colonel having served 28 years or more was entitled to be retired in the grade of colonel if he "has served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918". Prior to November 12, 1918, plaintiff was a cadet at the Military Academy. The majority of the court say that as such he was not "a member of the military or naval forces of the United States." I think he was.

The Supreme Court, in United States v. Morton, 112 U.S. 1, 4, 5 S.Ct. 1, 2, said:

"But an examination of the legislation of congress shows that the cadets at West Point were always a part of the army, and that service as a cadet was always actual service in the army. * * *"

A number of Acts of Congress were quoted in support of the statement, and also the decision of the Court in United States v. Tyler, 105 U.S. 244, 26 L.Ed. 985, holding that a retired officer "was in the military service."

This case was followed by the Supreme Court in United States v. Watson, 130 U.S. 80, 81, 9 S.Ct. 430, 431. The Court said:

"That cadets at West Point were always part of the army, and that service as a cadet was always actual service in the army, has been settled by the decision of this court in the case of United States v. Morton, 112 U.S. 1, 5 S.Ct. 1. * * *"

In view of these decisions of the Supreme Court it is unnecessary to undertake to demonstrate that service at West Point is service in the Army, but we cannot imagine that any one at all familiar with the military discipline and training to which such cadets are subject would doubt for a minute that they were serving in the Army.

But the majority say that the Act of August 24, 1912, 37 Stat. 569, 594, changed this. I do not think it did.

As was stated in United States v. Noce, 268 U.S. 613, 617, 45 S.Ct. 610, there had been a long standing controversy between officers of the Army and Navy who were graduates of the two academies and those who were not, as to whether or not service as a graduate should be counted for pay purposes. This controversy was settled by the passage of the Act of 1912, supra. But it will be observed that this Act did no more than to say that service as a graduate "shall not be counted in computing for any purpose the length of service of any officer of the Army." This was a pay statute. The pay of officers of the Army depended upon their length of service, and the Act of 1912 merely said that for the purpose of arriving at the pay to which they were entitled, the length of their service should not include their service as a cadet. The Act does not say that service as a cadet was not service "as a member of the military or naval forces of the United States". In the cases cited above, Morton and Watson, the Supreme Court said that it was service in the Army or Navy, and Congress has not changed this.

So, when the Act says that a lieutenant colonel is entitled to the retired pay of a

colonel if he "has served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918," this must of necessity, it seems to me, include his service as a cadet in the Military Academy.