Harrison BRAND, Jr.

v.

The UNITED STATES.

Charles C. HERRICK

v.

The UNITED STATES.

William B. ROSEVEAR

v.

The UNITED STATES.

Frederick S. SKINNER

v.

The UNITED STATES.

Nos. 474-52, 243-52, 345-52, 347-52.

United States Court of Claims.

Oct. 4, 1955.

Burr Tracy Ansell, Washington, D. C., for plaintiffs. Guy Emery, Harry E. Wood, and Ansell & Ansell, Washington, D. C., were on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Each of the above plaintiffs in the respective cases seeks to recover increased retirement pay based upon the alleged right to have their pre-1912 service as cadets at the U. S. Military Academy included in the computation of their retired pay under the provisions of title III of the Act of June 29, 1948, 62 Stat. 1081, 1087, 10 U.S.C.A. § 1036 et seq.

Each plaintiff served as a cadet at the U. S. Military Academy under an appointment made prior to August 24, 1912,

was graduated and was commissioned as an officer in the Regular Army. Each plaintiff thereafter resigned his Regular Army commission and subsequently was appointed as a commissioned officer, Officers' Reserve Corps, in which capacity each served until the effective date of his retirement under the provisions of sections 301 and 302 of title III of the Act of June 29, 1948, supra.

Harrison Brand, Jr., plaintiff in No. 474–52, was placed on the retired list of the Army of the United States in the grade of colonel on August 31, 1951, with entitlement to retirement pay from September 1, 1951.

Charles C. Herrick, plaintiff in No. 243–52, was placed on the retired list of the Army of the United States in the grade of colonel on February 24, 1951, with entitlement to retirement pay from March 1, 1951.

William B. Rosevear, plaintiff in No. 345–52, was placed on the retired list of the Army of the United States in the grade of colonel on February 28, 1950, with entitlement to retirement pay from March 1, 1950.

Frederick S. Skinner was placed on the retired list of the Army of the United States in the grade of colonel on April 30, 1950, with entitlement to retirement pay from May 1, 1950. Subsequent to argument the death of Frederick S. Skinner has been shown, and the executrix of his estate, Mary Comestock Skinner, has been substituted as plaintiff in No. 347–52.

In the case of each plaintiff, his service as a cadet at the U. S. Military Academy has been excluded from the computation of his retirement pay.

It is upon the plaintiffs' motions for summary judgment and defendant's cross motion for summary judgment that the case is submitted to this court.

The issue presented is whether service as a cadet at the U. S. Military Academy under an appointment made prior to August 24, 1912, is "active Federal service" within the meaning of section 303 of the Act of June 29, 1948, supra.

Section 303 provides in pertinent part as follows:

"Any person granted retired pay pursuant to the provisions of this title shall receive such pay at an annual rate equal to 2½ per centum of the active duty annual base and longevity pay which he would receive if serving, at the time granted such pay, on active duty in the highest grade, temporary or permanent, satisfactorily held by him during his entire period of service, multiplied by a number equal to the number of years and any fraction thereof (on the basis of three hundred and sixty days per year) which shall consist of the sum of the following:

"(i) All periods of active Federal service;

"(ii) One day for each point credited pursuant to subparagraphs (2) and (3) of subsection (b) of section 302 of this Act, but no more than sixty days shall be credited on this basis in any one year for the purposes of this section:

*Provided,* That no person shall be entitled to receive such retired pay at an annual rate in excess of 75 per centum of said active duty pay: *Provided further,* That for each year of Federal service, other than active Federal service, performed as a member of a reserve component prior to the date of enactment of this Act [July 1, 1949] and credited in accordance with subsection (c) of section 302 of this title, such member shall be credited with fifty days for each of such years, for the purposes of this section." 10 U.S.C.A. § 1036b.

Section 306 of the Act of June 29, 1948, supra, provides in pertinent part as follows:

"For the purposes of this title—
\*　　\*　　\*　　\*　　\*　　\*

"(d) The term 'active Federal service' shall include all periods of annual training duty and all prescribed periods of attendance at such service

schools as have been, or may be designated as such by the Secretary of the Army, the Secretary of the Navy, and the Secretary of the Air Force for their respective services, or by law, or any other period of time when ordered to active duty under competent Federal orders."

The defendant's position is that each plaintiff's service as a cadet at the military academy is not "active Federal service" within the meaning of section 303, supra. It rests its position on two propositions: (1) cadet service is not service in the Army, and (2) even if cadet service is service in the Army, it is not "active service" or "active duty" as those terms are commonly understood and, therefore, in the absence of specific language or legislative history, indicating the purpose of Congress to include cadet service as "active Federal service" under section 303, supra, it must be excluded.

█ The cadets of the U. S. Military Academy have always been a part of the Regular Army and it is settled that service as a cadet is service in the Army. United States v. Morton, 112 U.S. 1, 5 S.Ct. 1, 28 L.Ed. 613; United States v. Watson, 130 U.S. 80, 9 S.Ct. 430, 32 L. Ed. 852; United States v. Noce, 268 U.S. 613, 45 S.Ct. 610, 69 L.Ed. 1116.

Because of longstanding controversy between those officers who were graduates of the academies and those who were not, Congress enacted the following provision in August 1912:

"Sec. 6. That hereafter the service of a cadet who may hereafter be appointed to the United States Military Academy or to the Naval Academy shall not be counted in computing for any purpose the length of service of any officer of the Army." Act of August 24, 1912, 37 Stat. 569, 594.

The plain language of the act clearly indicates that only the service of those cadets appointed subsequent to August 24, 1912, cannot be counted for any purpose in computing length of service. See Win-

free v. United States, 113 F.Supp. 676, 125 Ct.Cl. 853.

Although plaintiffs contend that the definition of "active Federal service" contained in section 306(d) could be construed to include cadet service, it is unnecessary to consider this argument since it is clear from the language of that section, and both parties agree, that that definition is not all inclusive. The definition enumerates certain types of duty that are intended to be covered which otherwise may have been excluded.

█ We turn then to the normal meaning of the terms "active Federal service". We believe that service as a cadet at the U. S. Military Academy under an appointment made prior to August 24, 1912, is "active Federal service" within the ordinary meaning of those terms, and therefore within the meaning of the 1948 act since there is nothing in the act that indicates an intention to give them a different meaning. Nor is there anything in the legislative history indicating that cadet service pursuant to appointments made prior to August 24, 1912, was intended to be excluded from the computation of retired pay. This conclusion is fortified by the consistency Congress has demonstrated in recognizing such service for longevity pay purposes before and after the 1948 act. See National Defense Act of June 3, 1916, 39 Stat. 166; Act of June 4, 1920, 41 Stat. 759, 785; Pay Readjustment Act of June 10, 1922, 42 Stat. 625, 627; Act of July 31, 1935, 49 Stat. 505, 507; Pay Readjustment Act of June 16, 1942, 56 Stat. 359, 360; Career Compensation Act of October 12, 1949, 63 Stat. 802, 824, as amended, Act of May 19, 1952, 66 Stat. 79, 80.

The Department of the Army has interpreted the act as permitting inclusion of other Regular Army service in the computation of the retired pay under section 303 and since the corps of cadets has always been a part of the Regular Army there seems to be no logical reason for excluding cadet service pursuant to appointments made prior to August 24, 1912.

The plaintiffs are entitled to recover the increased retirement pay resulting from including their cadet service in the computation of their retired pay.

The plaintiffs' motions for summary judgment are granted and defendant's cross motions are denied. Judgments are suspended pending the filing of a stipulation showing the amount due each plaintiff in accordance with this opinion.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, JJ., concur.