LittletoN, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover the difference in pay between that of a retired warrant officer after twenty years’ service, amounting to $138.75 a month, and the pay of a retired quartermaster sergeant, amounting to $94.50 a month, from January 1, 1926, to date of judgment under the act of June 6, 1924, 43 Stat. 472.
Counsel for defendant resists allowance of the claim on the ground that plaintiff’s commissioned service was not honorable and that he was not honorably discharged. We think the facts in this case distinguish it from the case of Hubert P. Monahan v. United States, ante, p. 516, in which the officer was dishonorably discharged. In this case the plaintiff was *755 not dishonorably discharged, but was given a plain discharge under the authority granted to the President by section 9 of the act of May 18, 1917, 40 Stat. 76, 82, entitled “An act to authorize the President to increase temporarily the Military Establishment of the United States.” Section 9 of the said act provided that “ the appointments authorized and made as provided by the second, third, fourth, fifth, sixth, and seventh paragraphs of section 1, and by section 8 of this act, and the temporary appointments in the Regular Army authorized by the first paragraph of Section 1 of this act, shall be for the period of the emergency, unless sooner terminated by discharge or otherwise. The President is hereby authorized to discharge any officer from the office held by him under such appointment for any cause which, in the judgment of the President, would promote the public service * * That the plaintiff was not discharged under dishonorable conditions is evidenced by the fact that with his discharge of May 24, 1919, he was given the honorable discharge bonus of $60 authorized by the act of February 24, 1919, 40 Stat. 1057, 1151, which provides “That all persons serving in the military or naval forces of the United States during the present war who have, since April 6, 1917, resigned or been discharged under honorable conditions, * * * or who at any time hereafter * * * or within one year after the termination of the present war in the case of officers, may resign or be discharged under honorable conditions shall be paid, in addition to all other amounts due them in pursuance of law, $60 each.”
In view of the nature and purpose of the act of May 18, 1917, we do not think that a plain discharge given to an officer under section 9 of that act should be construed as a dishonorable discharge in the absence of a statement therein that it was an honorable discharge, and the fact that the President paid the plaintiff upon his discharge the bonus, which was payable only in cases where the officer had been discharged under honorable conditions, adds great weight to the conclusion that the plaintiff is entitled to the benefits of the act of June 6, 1924, supra, which provides that “ retired enlisted men of the Army heretofore or hereafter retired who served honorably as commissioned officers *756 of the Army of the United States at some time between April 6, 1917, and November 11, 1918, shall be entitled to receive the pay of retired warrant officers of the Army.”
The contention of the defendant is predicated entirely upon the fact that charges had been made against the plaintiff. We think that these unproven charges do not justify the conclusion that plaintiff’s discharge was dishonorable. These charges may have resulted from malice or some other similar cause and, at most, amounted to a mere accusation, raising no presumption of guilt. A person is presumed to be innocent until his guilt is established and no proper evidence of dishonorable conduct on the part of plaintiff has been offered in this case and the department, upon the accusation mentioned, did not decide in the manner provided by law that the plaintiff’s service had been other than honorable. The charges made were never pursued by the War Department, the plaintiff was never brought to trial, and was never afforded an opportunity to refute the charges. It would be an injustice to permit the making of a charge to be used to the prejudice of the person against whom the unproven charge is made. Glover v. United States, 147 Fed. 426, 430. Coyne v. United States, 246 Fed. 120, 121. White v. United States, 72 C.Cls. 459, 463.
Plaintiff is entitled to recover and entry of judgment will be suspended to await receipt from the General Accounting Office of a statement of the amount due plaintiff in accordance with this opinion. It is so ordered.
Whaley, Judge; Williams, Judge; and Green, Judge, concur.
Booth, Chief Justice, took no part in the decision of this case on account of illness.