## HERMANN v. UNITED STATES.
### No. 46962.

United States Court of Claims.
Feb. 7, 1949.

Warren E. Miller, of Washington, D. C., for plaintiff.

Paris T. Houston, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, C. J., and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff seeks to recover $3,000 disability compensation alleged to have been illegally withheld and applied in payment of a fine in that amount due the United States.

Plaintiff was convicted in the United States District Court for the District of Arizona for violation of the U. S. Postal Laws, 18 U.S.C. 338a [now §§ 876, 3239], and on November 19, 1934, was sentenced to prison and fined $3,000.

Prior to 1934 plaintiff, a veteran of World War I, having incurred disability under circumstances which entitled him to disability compensation from the U. S. Veterans' Administration under certain acts of Congress, duly filed a claim for such benefits which was allowed by proper authority. Thereafter plaintiff was regularly paid such disability compensation by Treasury check issued to him monthly by the Veterans' Administration in the amount of $48.26, until December 1, 1934, the last check for the full amount being sent to him November 30. The statute, 38 U.S.C.A. §§ 471, 473, provided for monthly payments.

Beginning on January 1, 1935, and continuing until June 30, 1939, the Veterans' Administration withheld each month the entire amount of $48.26 due plaintiff (the first withholding being the amount due for December 1934), for the purpose of applying the same to the payment of the fine imposed by the judgment of the court. These withholdings, totaling the amounts set out in finding 3, were covered into the Treasury at the end of each fiscal year on June 30, 1935, to June 30, 1939, and certificates were issued showing the deposit of the several

amounts in part payment of the $3,000 fine. The same procedure was followed for the period July 1, 1939, through March 31, 1940, except that only $43.26 of the monthly compensation of $48.26 was withheld during this period. Apparently a check for the balance of $5.00 was sent to the plaintiff each month. These withholdings from January 1, 1935, through March 31, 1940, together with a deduction of $4.62 from the amount due plaintiff for April 1940, equaled the fine of $3,000. The balance of the disability compensation due plaintiff for April in the amount of $43.64 was sent to him by check dated April 30, 1940, and thereafter plaintiff received regular monthly checks for $48.26.

Plaintiff is entitled to recover under the Act of August 12, 1935, 49 Stat. 607, 609, 38 U.S.C.A. § 454a, and our decision in McElhany v. United States, 101 Ct.Cl. 286, to the extent that his claim was not barred by the statute of limitation at the time the petition was filed. Defendant concedes this and admits that the amount of $4.62 withheld on April 30, 1940, is not barred.

In our opinion plaintiff's claim for the compensation involved first accrued when the several amounts mentioned were withheld on the first day of the month following the month for which such amounts were due, and the defense of the statute of limitation must be sustained as to $2,995.38 of plaintiff's claim.

Plaintiff argues, however, that there was a mutual running account and the statute of limitation did not begin to run until the last amount of $4.62 was withheld on April 30, 1940, and credited on the fine for which judgment was entered November 19, 1934. A similar contention was denied in Leonard et al. v. United States, 18 Ct.Cl. 382. In our opinion there was no running or mutual account between the plaintiff and defendant. Instead there was a fixed and definite sum due defendant on and after November 19, 1934, and various sums which became due from defendant to plaintiff at stated times were withheld by defendant as they became payable and applied to diminish the amount due from the plaintiff. The case of Sibley v. United States, 49 Ct.Cl. 242, cited by plaintiff, is not in point on its facts.

In that case the suit was brought within six years from the date of the first withholding.

Williston on Contracts, Revised Edition, Volume 6, Section 2030, states that in order to constitute a mutual account—

"* * * there shall be mutual open, current dealings and claims subject to a future final balance. A payment, therefore, given and received as partial discharge of an account for goods or services does not make the account mutual; it merely diminishes the amount due on a one-sided account. And so it is where goods or services are given not with the intention of creating a cross-claim but in partial cancellation of an account to the extent of an agreed sum.

"It is essential, also, that the items of the account shall have been regarded as constituting one account by the parties. The mere fact that each party is indebted to the other is insufficient. Nor is there a mutual account where the items on one side or the other have been denied altogether, or have never been admitted as entering into a current account, nor where the various dealings relate exclusively to a special contract performable in instalments at agreed periods."

Plaintiff further says that a trustee relationship existed on the part of the Administrator of Veterans' Affairs; that he was a trustee of the funds placed at his disposal for the purpose of carrying out the intentions of Congress that such funds be paid to persons who had incurred disability in the military service, and that the statute of limitation did not begin to run until it is shown that plaintiff was fully informed of the facts and the law applicable thereto. In our opinion the relationship between the Administrator and plaintiff was not such as would permit of the application of the rule contended for by plaintiff. The Administrator was simply an administrative officer of the United States charged with the performance of certain duties imposed by statute and the exercise of discretion in certain circumstances. Under the facts of this case the Administrator was only the paymaster of funds appropriated for disbursement in

payment of disability compensation. The failure on his part, correctly to discharge the duty required of him by the statute, because of his erroneous interpretation of a certain provision thereof, gave rise to a legal claim by plaintiff for the unpaid disability compensation, which claim the plaintiff was, in every way, qualified and free to assert and enforce by suit in this court. In Vol. 2, Wood on Limitations, 4th Ed., page 764, it is said: "While every duty imposed upon a public officer is in the nature of a trust, persons injured by a violation of the duty for which they may maintain an action of law, must pursue that remedy within the period of limitation of legal actions; * * *."

The record is sufficient to show that plaintiff was at all times fully apprised of the facts, and presumably, he was familiar with the provisions of the statute under which he made claim for compensation and upon which he here bases his claim. He filed a formal claim on October 4, 1943, for payment of the amounts withheld and credited to the payment of the judgment, which claim was denied. However, he did not institute this suit until April 6, 1946.

Since plaintiff's claim for the several amounts making up the total of $3,000 sued for accrued under the terms of the statutes under which they were payable, on the first day of each month beginning on January 1, 1935, and ending May 1, 1940, the claim is barred except as to the amount withheld on the last mentioned date.

Judgment will, therefore, be entered in plaintiff's favor for $4.62. It is so ordered.