## McCORMICK v. UNITED STATES.
### No. 364-52.

United States Court of Claims.
Jan. 13, 1953.

Carl L. Shipley, Washington, D. C., for plaintiff.

John I. Heise, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

JONES, Chief Judge.

This is a suit by a veteran for the difference between the salary of the position to which he was restored by the Railroad Retirement Board upon his return from military service and the salary of the higher position to which he asserts he was entitled.

Plaintiff's petition alleges as follows:

At the time of his induction into the service on June 1, 1943, plaintiff was employed in the Cleveland regional office of the Railroad Retirement Board as Regional Certifying Officer, grade CAF-8, permanent status. Upon his honorable discharge from the service plaintiff returned to work for the Board on February 25, 1946. Instead of being restored to his former position or to a position of like seniority, status, and pay, he was restored to a lower position, that of Unemployment Claims Examiner, grade CAF-7. Officials of the Board justified their action on the theory that plaintiff's former position had been abolished during his absence on military duty.

Plaintiff alleges that upon his return from the service his former position of Regional Certifying Officer had been upgraded to CAF-10, and was then held by one Kenneth Nokes. He alleges that the refusal to restore him to his former position or to one of like seniority, status, and pay was a violation of the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U. S.C.App. § 308, now 50 U.S.C.A.Appendix; § 459, and of the Veterans' Preference Act of 1944, 58 Stat. 387, 5 U.S.C.A. § 851 et seq., and Civil Service regulations.

Plaintiff has exhausted his administrative remedies, the Railroad Retirement Board having refused to make any adjustment on June 27, 1951, and the Civil Service Commission having refused relief on April 4, 1952.

Defendant moves that the petition be dismissed on the ground that this court lacks jurisdiction by reason of the fact that the asserted cause of action accrued more than six years prior to July 15, 1952, the date on which the petition was filed. 28 U.S.C. § 2501.

Plaintiff asserts that the statute of limitations did not begin to run until adverse action by the Railroad Retirement Board on June 27, 1951, and that his petition is therefore timely. It is clear, however, that the statute of limitations was not tolled during the period the claim was under consideration by the Board. Love v. United States, 104 F.Supp. 102, 122 Ct. Cl. 144; Tan v. United States, 102 F.Supp. 552, 122 Ct.Cl. 662, certiorari denied 73 S.Ct. 275.

Plaintiff's right to recover depends upon the Selective Service and Training Act of 1940, 50 U.S.C.App. § 308, which provided in part as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

"(A) if such position was in the employ of the United States Government, * * * such person shall be restored to such position or to a position of like seniority, status, and pay; * * *."

Section 308(c) provided further that such person "shall not be discharged from such position without cause within one year after such restoration."

Upon the facts as alleged plaintiff was entitled under section 308 to be reemployed in his former position of Regional Certifying Officer, upgraded to CAF–10, or to a position of like seniority, status, and pay, for the period from February 25, 1946, to February 25, 1947. The petition was not filed, however, until July 15, 1952. Our six-year statute of limitations therefore bars recovery for any period prior to July 15, 1946. To that extent defendant's motion to dismiss must be allowed.

We do not believe, however, that plaintiff is barred by limitations from recovery for the period July 15, 1946, to February 25, 1947, if the allegations of his petition are otherwise correct. Defendant's obligation under the Selective Training and Service Act was "mandatory and unconditional", Hilton v. Sullivan, 334 U.S. 323, 331, 68 S.Ct. 1020, 1024, 92 L.Ed. 1416, and extended to afford plaintiff protection for the stated period of one year, which in plaintiff's case would not have expired until February 25, 1947, i. e., over seven-months subsequent to the period barred by limitations. Therefore we do not believe that limitations here bar plaintiff from recovery for the period July 15, 1946, to February 25, 1947.

Since the coverage of the Selective Training and Service Act was limited to one year from date of restoration, and would have expired on February 25, 1947, in plaintiff's case, it would appear that no recovery can be allowed for any period subsequent to February 25, 1947. Cf. Wheeler v. United States, Ct.Cl., 109 F. Supp. 703.

Inasmuch as no answer has yet been filed to plaintiff's petition the record does not yet disclose the extent to which the facts alleged therein are in dispute. If the material facts cannot be established by stipulation or admission, a hearing before a commissioner of the court may be necessary. At any rate the case will be referred to a commissioner to afford the parties opportunity for such further proceedings as may be necessary.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.