WhitakeR, Judge,
delivered the opinion of the court:
Plaintiff on September 28, 1942, entered into a contract with the Surgeon General of the United States Army as a full time contract surgeon at “the pay authorized by law for contract surgeons serving full time.” He served in this capacity from October 9, 1942, until February 17, 1948. Plaintiff had previously had more than 30 years’ service as a commissioned officer. He sues for longevity pay from October 9, 1942 to February 17, 1948, based on this length of service.
Plaintiff’s right to this pay depends upon the provisions of the Pay Readjustment Act of June 16,1942, 56 Stat. 359, as amended by the Act of December 2, 1942, 56 Stat. 1037. The second paragraph of section 1 provides for six pay periods for officers below the grade of Brigadier General, $2,000 for the pay of the second period.
Paragraph 7 provides that “the pay of the second period shall be paid to first lieutenants of the Army, * * * second lieutenants of the Army, * * * who have completed five years’ service; and to contract surgeons serving full time.”
Paragraph 10 provides that “every officer paid under the provisions of this section shall receive an increase of 5 per centum of the base pay of his period for each three years of service up to thirty years.” This is the basis for the longevity pay for which plaintiff sues.
Then, finally, paragraph 12 provides:
The provisions of this Act shall apply equally to those persons serving * * * in the Army * * * whose pay under existing law is an amount equivalent to that of a commissioned officer of one of the above grades. * * *
The “existing law” at the time the Pay Readjustment Act of 1942 was passed, which was the Pay Readjustment Act of 1922 (42 Stat. 625,627), provided in section 1:
Contract surgeons serving full time shall have the pay and allowances for subsistence and rental authorized for officers serving in their second pay period.
*296 It necessarily follows that the pay of a contract surgeon is equivalent to' that of a commissioned officer in the grade of a first lieutenant or of a second lieutenant who had completed five years’ service, — equivalent to that of any officer serving in their second pay period.
Paragraph 12 of section 1 of the 1942 Act says that “the provisions of this Act shall apply equally to persons * * * whose pay * * * is an amount equivalent to that of a commissioned officer of one of the above grades.” One provision of the Act (sec. 1, par. 10) is that an officer shall receive an increase of 5 per cent for each three years of service. It must follow that a contract surgeon is entitled to the same increase. The plain language of the Act demands this conclusion. No other one seems to us admissible.
Plain as this seems to us, both the Army Eegulations and the decision of the Comptroller General are to the contrary. The Comptroller General’s opinion followed one of his earlier opinions construing the Act of 1922. The provisions of that Act were not as clear as those of the Act of 1942; but, whether he was right or wrong relative to the 1922 Act, we must conclude that he was wrong as to the 1942 Act.
Plaintiff’s pétition was filed on May 17, 1950. He is entitled to recover the longevity pay which he claims for a period of six years prior to the filing of his suit. He is not entitled to recover the amount claimed for the period from October 9,1942, to May 17,1944. This portion of his claim is barred by the statute of limitations (28 U. S. C. 2501).
Plaintiff claims that the statute of limitations was tolled by the Soldiers’ and Sailors’ Civil Belief Act of 1940 (54 Stat. 1178; sec. 510, Title 50, Appendix, U. S. C.). Plaintiff is entitled to the benefit of this Act only if he can be considered a member “of the Army of the United States.” He was not a member of the Army, but was a civilian under contract to render services to members of the Army. The fact that his compensation for services to be rendered was fixed according to the pay of a commissioned officer does not make him a member of the Army. He was a civilian employee of the Army, and as such does not come within the phrase “persons in the military service,” as defined in the Soldiers’ and Sailors’ Civil Relief Act of 1940.
*297 Plaintiff’s motion for summary judgment is granted to' the extent of the longevity pay claimed from May 17, 1944, to February 17, 1948. The entry of judgment will be suspended until the incoming of a report from the General Accounting Office, or, in its absence, until the incoming of a report by a Commissioner of this court, showing the amount due plaintiff computed in accordance with this opinion.
Defendant’s motion for summary judgment is denied.
It is so ordered.
Howell, Judge; MaddeN, Judge; LittletoN, Judge; and JoNes, GMef Judge, concur.