Courtney J. ODELL, Also Known as Casimir J. Odrovonz

v.

The UNITED STATES.

No. 145–55.

United States Court of Claims.

April 3, 1956.

James K. Foley, Washington, D. C., for plaintiff. Edgar A. Wren and Gardiner, Wren & Gardiner, Washington, D. C., were on the briefs.

Kathryn H. Baldwin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

The Government has made a motion to dismiss the plaintiff's petition, asserting that the petition shows on its face that the claim asserted in it is barred by the statute of limitations, 28 U.S.C. § 2501. On November 8, 1955, the court rendered an opinion granting defendant's motion and dismissing plaintiff's petition. The case is now before us on plaintiff's motion for rehearing.

The plaintiff sues for retired pay to which he says he is entitled because of a disability incurred by him in military service. He entered on active duty in 1941 as a lieutenant colonel. On February 8, 1946, he appeared before an Army Disposition Board which found that he had a duodenal peptic ulcer which existed prior to his entry on active duty, but which was permanently aggravated by his military service. On March 7, 1946, he appeared before an Army Retiring Board which found that he had a duodenal peptic ulcer, that it was service incurred, and aggravated by service.

The Surgeon General of the Army did not agree with the findings of the Retiring Board and in April 1946 he directed the board to reconvene, indicating to it what it might well find. The reconvened board then found that the plaintiff's ulcer existed prior to his entrance on active duty, and was not aggravated by his military service. On June 24, 1946, these findings were approved by the Secretary of War.

The plaintiff was on June 16, 1946, released from active duty by reason of physical disability, but he, of course, received no retired pay. At some later date not stated in the petition he appealed to an Army Disability Review Board, which affirmed the findings of the Army Retiring Board adverse to the plaintiff. This affirmation was accepted by the Secretary of the Army on May 16, 1949.

The plaintiff filed his petition in this court on April 4, 1955, which was within six years after the last date mentioned above, but was almost nine years after he had been released from the Army without retired pay. He alleges that the reaffirmance by the Secretary of the Army on May 16, 1949, of the findings of the Review Board was wrongful, arbitrary, and capricious because there was no substantial evidence that the plaintiff had the ulcer before he entered military service, and no substantial evidence to overcome the presumption that his ulcer had been aggravated by his military service.

The Government, as we have said, moves to dismiss on the ground of the statute of limitations. It says that what the plaintiff is really suing for is his release from the Army without retired pay, and that that occurred on June 16, 1946, almost nine years before he filed the instant suit.

The plaintiff's reason for laying stress upon the decision of the Disability Review Board, and its affirmance by the Secretary of the Army in 1949 is that this date is within six years of the filing of the petition. But it is apparent from the petition that there was nothing more illegal or arbitrary about the Review Board's decision in 1949 than there had been about the Retiring Board's decision in 1946. It is the decision of the Retiring Board, approved by the Secretary of War on June 24, 1946, that the plaintiff is obliged to set aside in order to be entitled to recover. So long as that decision stands he cannot recover.

The statute vests in the Retiring Board, subject to the approval of the Secretary of War, the power to determine an officer's right to retirement. Jurisdiction was not conferred on us to do so. So long as the Retiring Board acts in good faith and within the law, its determination is final. To invoke our jurisdiction, a plaintiff must allege that the Board acted arbitrarily or unlawfully.

Plaintiff's action here is an attack on the action of the Board. Its determination is alleged to have been arbitrary. The Act conferring jurisdiction on this court of suits against the United States requires that they be brought in six years from the time the cause of action first accrued. Plaintiff's right to bring an action in this court accrued only when and if the Retiring Board acted arbitrarily. Since plaintiff's suit is one to set aside the determination of the Board, it must be brought within six years from that determination. Until that action is set aside, plaintiff has no right to retired pay.

The suit at bar is not a case where plaintiff's rights are prescribed by contract or statute. There is no statute that, standing alone, gives plaintiff the right to retired pay. The statute says that plaintiff is entitled to retired pay, *if* the Retiring Board finds that he is entitled to it and *if* this finding is approved by the Secretary of War. Plaintiff is entitled to nothing until this finding is made.

On the other hand, cases come before this court in which an employee of the Government has a right specifically defined by statute, the establishment of which requires no determination by any board or agency, as, for instance, the right to compensation. This right to

compensation continues so long as the employment continues. Ordinarily it is payable monthly, and may run over a period of many years. The employee may neglect to assert his right for a long period of time, and for the first time assert it after the lapse of six years from the time the first payment under the statute was due him. In such case we have held that the plaintiff is entitled to recover all payments that accrued under the statute within six years.

So, in the case of payments due under a long-term contract, as for rent. In such case the landlord is entitled to collect rent monthly as it becomes due under the contract. For one reason or another he may fail to collect the rent for a period of six years, but this does not prevent him from recovering rental becoming due after the six-year period.

This is true in the two instances cited because the right is defined by statute or contract, and is not dependent upon an adjudication by some tribunal or agency of the question of whether or not the right exists at all.

To repeat: Congress had vested in the Retiring Board the authority to determine an officer's right to retired pay. Until the Board determines that he is entitled to it, he is not entitled to it, and he cannot come into this court and sue for it, except by attacking the action of the Retiring Board denying it to him. His right of action in this court accrues only when the Retiring Board acts arbitrarily or otherwise unlawfully. The statute giving consent to suits against the United States says that an action must be brought within six years from the time the cause of action first accrues. An officer's right of action *in court* first accrues when the Retiring Board arbitrarily or unlawfully refuses to give him retired pay and the Secretary of War approves this action.

In the following cases plaintiff's rights were fixed by statute and were not dependent upon the determination of any board or agency: Ellsworth v. United States, 14 Ct.Cl. 382; United States v. Ellsworth, 101 U.S. 170, 25 L.Ed. 862;

Moore v. United States, 76 Ct.Cl. 753; Hornblass v. United States, 93 Ct.Cl. 148; Hermann v. United States, 81 F. Supp. 830, 113 Ct.Cl. 54; McCormick v. United States, 109 F.Supp. 718, 124 Ct. Cl. 111; Hart v. United States, 125 Ct. Cl. 294; Winfree v. United States, 113 F.Supp. 676, 125 Ct.Cl. 853.

In Pacific Maritime Association v. United States, 117 F.Supp. 307, 123 Ct. Cl. 667, plaintiff's rights arose under an implied contract, independent of any action by a board or agency.

We know of no case in which this court, or any other court, has held that plaintiff may bring an action more than six years after the determination of his rights by a board or agency given jurisdiction to do so, and this is so even though plaintiff seeks to recover only those payments that would have accrued within six years of the filing of his petition, if the board's decision had been in his favor.

Plaintiff's motion for a rehearing is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE and LITTLETON, Judges, concur.

MADDEN, Judge (dissenting).

I would grant the plaintiff's motion for a rehearing, and allow him to prove, if he can, the allegations of his petition.

The plaintiff in his petition asserts that the action of the Secretary of the Army in approving the findings of the Disability Review Board adverse to the plaintiff was arbitrary and capricious because there was no substantial evidence that the plaintiff had the disabling peptic ulcer at the time he entered the miliary service.

As the court says, the plaintiff's reason for laying stress upon the decision of the Disability Review Board, and its affirmance by the Secretary of the Army, is that this date is within six years of the filing of the petition. The plaintiff's appeal to the Review Board may have been necessary to enable him to show

that he had exhausted his administrative remedies, but, so far as appears, the Review Board's decision was a mere affirmation in 1949 of a wrong done the plaintiff in 1946.

If the plaintiff's allegations are true, and they must be taken as true for the purposes of this motion, the Army violated the law when it released him without retired pay in 1946. There were no notations on plaintiff's Army physical examination form, at the time of his entry on active duty in 1941, relative to the presence of, or any condition connected with a duodenal peptic ulcer. About April 13, 1943, he was found to have such an ulcer.

Section IV, paragraph 30c(2) of Army Regulation 605–250, 28 March 1944, provides:

"Before any Army retiring board should find that the disability which renders an officer incapable of performing the duties of his office was not caused by an incident of the service, such fact should be established beyond a reasonable doubt."

Paragraph 63b of Army Regulation 40–1025, 12 December 1944 says:

"A disease or injury that a militarized person contracts or sustains, while in the active military service of the United States, will be presumed to have been incurred in line of duty, unless there is substantial evidence to show that such disease or injury—

"(4) Existed prior to the individual's current active service and was not aggravated by the service (g below)."

Paragraph 63g(2), (3), and (4) of Army Regulation 40–1025, 12 December 1944 provides:

"(2) Basic provision.—Irrespective of length of service an Army patient will be presumed to have been in sound condition upon entering active service, unless the disease or injury, or the conditions which brought about the disease, injury or death were noted on the patient's physical examination upon entrance into the service, or unless clear and unmistakable evidence ((3) below) demonstrates that the injury or disease, or the conditions which caused the disease, injury or death though not noted existed prior to the patient's active service. * * *

"(3) Clear and unmistakable evidence.—Medical judgment alone, as distinguished from well-established medical principles, will not be considered sufficient to rebut the presumption of the patient's sound condition at the time of his entrance into active military service. * * *

"(4) Service-aggravated.—Any increase in disability during active service will be presumed to have been service-aggravated, unless it can be proved otherwise on the basis of well-established medical principles. Medical or surgical treatment furnished during service for pre-existing conditions does not of itself establish increase in disability; however, if such treatment was necessitated by increase in severity of pre-existing conditions, then such disability will be considered as service-aggravated, unless the condition was improved by such treatment. * * * advancement of such conditions as *peptic ulcer*, rheumatoid arthritis, diabetes mellitus, active pulmonary tuberculosis, and bronchial asthma (not established as seasonal) can be expected to have been caused by exertion, exposure, or other adverse influence of the military service." (Italics added.)

As the court says, the Retiring Board found that the plaintiff had a service-incurred and service-aggravated duodenal peptic ulcer, and recommended retirement for disability reasons. The Surgeon General interposed and directed the reconvening of the Board, stating to them what they "might well" find. The Surgeon General's letter was read to the members of the Board, and by the medical officers who were to testify before the Board. The Board thereupon

reversed itself and found that the plaintiff's ulcer existed prior to service and was not aggravated by service.

On the basis of the plaintiff's allegations, which we must take as true, the Army violated all of the Regulations which we have quoted above, and thereby illegally refused to give the plaintiff an annuity for life to which, according to the retirement statutes and the Army Regulations, he was entitled. The court holds that the plaintiff may not have relief for this violation of his legal rights, because his suit was not brought in time.

The plaintiff, having been disabled in military service, became entitled to an annuity, payable in periodic installments, for the rest of his life. By his delay in bringing suit, he lost as many of those installments as became due and payable more than six years before he filed his suit. The court holds that he has also lost all of the other installments for the rest of his life, although they were not due and payable more than six years before he filed his suit. This conclusion is obviously unjust and is, I think, erroneous.

This court and other courts have had innumerable occasions to enforce legal rights which accrued in periodic installments. I refer only to a sampling of those cases which have arisen in this court.

In Ellsworth v. United States, 1878, 14 Ct.Cl. 382, plaintiff sued to recover yearly installments of compensation due him as a collector of customs for a period of eight years. This court held that the claims for compensation for the two years which accrued more than six years prior to the filing of the petition were barred by the statute of limitations:

"* * * the statute begins to run from the end of each fiscal year, and cuts off all compensation not falling due within six years before the institution of the suit. His claim must therefore be reduced * * * to the sum of * * * [at page 395]."

In its decision affirming the Court of Claims, United States v. Ellsworth, 101 U.S. 170, 25 L.Ed. 862, the Supreme Court stated at page 171:

"They [the Government] allege that the petition was not filed within six years after the claim first accrued.

"Charges barred by the Statute of Limitations were rejected, and the court below rendered judgment in favor of the petitioner for the balance * * *."

To the same effect: Watson v. United States, 21 Ct.Cl. 511, affirmed expressly on this point, United States v. Watson, 130 U.S. 80, 9 S.Ct. 430, 32 L.Ed. 852; Moore v. United States, 76 Ct.Cl. 753 (retirement in 1919, suit filed in 1932); Hornblass v. United States, 93 Ct.Cl. 148; Hermann v. United States, 81 F. Supp. 830, 113 Ct.Cl. 54; Pacific Maritime Association v. United States, 117 F.Supp. 307, 123 Ct.Cl. 667; McCormick v. United States, 109 F.Supp. 718, 124 Ct.Cl. 111; Hart v. United States, 125 Ct.Cl. 294; Winfree v. United States, 113 F.Supp. 676, 125 Ct.Cl. 853.

In all these, and many other cases, this court has held that those installments of the claim which became due and payable more than six years before suit was filed were barred, but that other installments not so due were collectible. In recent years we have, in a few cases, departed from this orthodox and correct rule. The results, in some cases shockingly unjust, should have put us on our guard, but did not. In Girault v. United States, Ct.Cl., 130 F.Supp. 343; 135 F.Supp. 521, we found that the action of the Secretary of War was "clearly contrary to the law", yet we allowed his illegal action to deprive a soldier of his legal rights for the rest of his life. Such an unworthy end is not a reason for inventing a novel and unorthodox legal doctrine.

I am unable to understand the court's reasoning in the instant case. In part it seems to say that an officer is entitled to retired pay only if the Secretary of War awards it to him. But in all of our cases

involving retired pay, the Secretary has not awarded the retired pay sought. If he had done so, the case would not be here. The cases come here because, it is asserted, the Secretary has illegally denied retired pay which the statutes and the regulations have awarded. I see not the slightest difference between the legal right of a soldier to his retired pay and the legal right of a civilian employee of the Government to his statutory salary. In either case, if he does not get it, is is because some superior in the Government misapplied the law, or acted without evidence, or arbitrarily. If a landlord, or the owner of an annuity policy, or a civilian employee of the Government, delays in bringing suit, he loses those installments of his claim which are too old, but he does not lose all. I can imagine no reason why soldiers should be selected as the sacrificial offerings to nourish a novel legal doctrine.