Luther B. CANNON et al.

v.

The UNITED STATES [In the cases of Walter DeSouto, Jesse R. Gordon and Robert M. Molesworth v. The United States].

Gerard COLETTA et al.

v.

The UNITED STATES [In the case of Arthur N. Johnson v. The United States].

Max F. HAAS, Frank Turner and Walter C. Zimmerman

v.

The UNITED STATES.

Nos. 397-52, 542-52, 82-53.

United States Court of Claims.

Dec. 5, 1956.

Claude L. Dawson, Washington, D. C., for plaintiffs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

These cases are now before the court on plaintiffs' motions for summary judgments and defendant's cross-motions for summary judgments. They were consolidated for hearing and decision inasmuch as they involve the same question of law.

The plaintiffs were civilian employees of the United States at the Mare Island, Boston and Philadelphia Naval Shipyards. They were each reduced in rank, grade and salary, which reductions were later set aside by decisions of the United States Civil Service Commission on the ground that such reductions violated the provisions of the Veterans' Preference Act of June 27, 1944, 5 U.S.C.A. § 851 et seq.[1] The plaintiffs brought these suits to recover the difference in pay between the pay of the grade the Civil Service Commission held they were entitled to, and the pay actually received during the period of reduction prior to restoration.

Defendant has stipulated to judgments as to all those plaintiffs who originally were parties in these actions and to whom the defendant concedes the statute of limitations does not present a bar to recovery. As to those plaintiffs remaining on the petitions, the defendant has conceded that the reductions in grade were illegal and plaintiffs are entitled to the pay claimed, but has filed its motions solely on the ground that plaintiffs' claims are now barred by the statute of limitations.

In support of its motions for summary judgments defendant argues that the date of the reduction in grade by the officials of the Naval shipyards, as to each plaintiff, is the date upon which the cause of action first accrued. In each instance, the date of reduction in grade is more than six years prior to the filing of the petition.

In opposition to the defendant's motions and in support of their own, the plaintiffs urge us to hold that their causes of action first accrued when the Civil Service Commission held the reductions in grade to be illegal under the Veterans' Preference Act. With respect to each of the plaintiffs remaining on the petitions, the decision of the Commission holding the reduction to be illegal was issued within the six years prior to the filing of their petitions.

We do not agree with the contentions of either party as to the proper date upon which the causes of action first accrued. This is not a suit for restoration of grade, nor is it a suit for damages arising out of an alleged breach of employment contract. Plaintiffs are suing for wages which a statute provides are due and payable periodically to those persons holding the same grade to which the Civil Service Commission said the plaintiffs were entitled. We are of the opinion that no *cause of action for pay* accrues on the date of a demotion in grade and pay, or of a discharge, unless that date also happens to be a payday and the Government failed to make payment to the plaintiffs for the pay period just completed.

---

1. Section 14, 58 Stat. 387, 5 U.S.C.A. § 863, provided for certain notice to be given to those entitled to the benefits of the act before they could be reduced in grade. The Commission found that the Government had not complied with this section and recommended that plaintiffs be restored to their old higher grades. Pursuant to the decisions and recommendations of the Civil Service Commission plaintiffs were so restored.

Neither did a cause of action for pay first accrue, as contended by plaintiffs, on the date when the Civil Service Commission rendered its decision holding the reduction in grade illegal and recommending that these plaintiffs be restored to their higher grades, whether that decision was mandatory, as claimed by plaintiffs, or merely advisory as claimed by defendant. If, as urged by plaintiffs, the decision of the Civil Service Commission recommending restoration to the higher grade in each case was mandatory within the meaning of the statute on the employing agencies, a cause of action for enforcement of the order of the Commission for restoration might accrue in the District Court on the date of the issuance of that order where the employing agencies failed or refused to comply. If, as claimed by defendant, the order was not mandatory because issued prior to the August 4, 1947 amendment to section 14 of the Veterans' Preference Act specifically making such orders mandatory, that circumstance would only affect plaintiffs' rights to enforcement of the order in the District Court. However, we do not think that the mandatory nature of the decision of the Civil Service Commission is material on the issue of plaintiffs' rights to sue in this court under the Tucker Act for pay they did not receive during the period of wrongful demotion. The right of these plaintiffs to that pay is not dependent on the mandatory quality of the order of the Commission but rather on the correctness of that order as a matter of law insofar as it determines that these plaintiffs were illegally demoted and were at all times entitled to the higher grade from which they were demoted. If the decision of the Commission is correct, and defendant does not contend that it was incorrect, then it follows that plaintiffs should have been paid the salary or wages required by applicable statute for the grades from which they were never legally removed, rather than the lower salary or wages of the grades in which they were illegally placed by the complying agencies. See Simon v. United States, 113 Ct.Cl. 182. But their causes of action to recover such wrongfully withheld pay do not accrue on the dates of the decisions of the Civil Service Commission but rather on the various dates on which the higher pay was due and wrongfully withheld.

A cause of action of whatever nature can accrue only at the time that a suit may be maintained thereon, and from that date forward the applicable statute of limitation begins to run. In an action for pay or wages, the suit for payment is maintainable *only* when payment is refused as it becomes due and payable.

These cases present an analogous situation to the Furlong case, Furlong v. United States, Ct.Cl., 146 F.Supp. 823. In that case it is stated that claims for compensation due and payable periodically involve multiple causes of action with resultant liability on the part of the Government each time it fails to make payment, as required by statute. As stated in the Furlong case: "Upon each occasion that a payment is withheld a new cause of action * * * accrues to the plaintiff, and only those claims for installments which were due and payable more than six years before the filing of the petition are barred by the statute of limitation of six years."

In a suit for damages arising out of the breach of an employment contract, the statute of limitation would run from the date of discharge or demotion. Williston on Contracts (Revised Ed., Vol. V., Sec. 1362) quotes from Cutter v. Gillette, 163 Mass. 95, 39 N.E. 1010, as follows:

"* * * The plaintiff's cause of action accrued when he was wrongfully discharged. *His suit is not for wages,* but for *damages* for breach of his contract by the defendant. * * *" [Italics supplied.]

Similarly, a cause of action for *reinstatement* to a position from which an employee has been wrongfully demoted accrues at the time of the wrongful demotion and the statute of limitation will

begin to run at that time. But these are not suits for reinstatement.

An entirely different situation is presented when, as in the case of the plaintiffs here, the suit is for unpaid wages or salary only. A claim or cause of action to recover salary or wages due under a contract or statute does not accrue until such time as the employer fails to make payment of the wages or salary when due. Where the terms of employment contemplate regular periods of service such as weekly, monthly or yearly, with payment for such services to be made at the end of each agreed period, *each failure* of the employer to pay the wages or salary at the end of the time stipulated for payment will give rise to a separate claim or cause of action for wages not paid and the statute of limitation runs separately on each claim. In the event of a suit for such wages or salary, the statute of limitation will bar only those claims which accrued more than the statutory period before the action was brought, which in this case is six years. See Wood on Limitations, Fourth Ed., pp. 670–675; Williston on Contracts, Revised Ed., Secs. 861, 862, and 864.

Defendant relies on Group v. United States and Kiernan v. United States, 125 Ct.Cl. 135, in which we decided similar cases against the plaintiffs. In deciding those cases we think the court mistakenly relied on the decision of the Ninth Circuit in Schatte v. International Alliance, etc., 182 F.2d 158, which correctly held that in a suit for *damages* for breach of an employment contract there is only one cause of action which accrues at the time of the breach. Upon reconsideration, we are of the opinion that our conclusion in those cases was erroneous insofar as it held that in a suit for pay the plaintiff had only one cause of action which arose or accrued at the time of the wrongful reduction. As hereinbefore noted, a claim for wages or salary involves a different method of applying the statute of limitation than a suit which is predicated on a claim for damages resulting from a breach of an employment contract. We would therefore overrule our opinion in the Group and Kiernan cases, and in all other cases following that interpretation of the applicability of the statute of limitation or which apply the same rule in suits for wages or salary.

Even though some confusion has existed in the last few years due apparently to conflicting opinions regarding the application of the statute of limitation in cases of this type, as late as 1953, in McCormick v. United States, 109 F.Supp. 718, 719, 124 Ct.Cl. 111, we adhered to what we now hold to be the correct rule with respect to the statute of limitation. In the McCormick case, plaintiff brought suit to recover the wages guaranteed him for a period of one year by the Selective Service and Training Act of 1940, 50 U.S.C.A. Appendix, § 308. The one-year statutory guaranty ran in his case from February 25, 1946 to February 29, 1947. Plaintiff filed his petition on July 25, 1952. Defendant moved to dismiss plaintiff's petition as to all pay claimed therein on the ground that plaintiff's cause of action first accrued on February 25, 1946, when he was first refused reinstatement in his old position and was placed in a position of lower grade and pay, such date being more than six years prior to the date on which the petition was filed. In refusing to dismiss the whole claim, Chief Judge Jones, speaking for the court, said:

> "* * * Our six-year statute of limitations therefore bars recovery for any period prior to July 15, 1946. To that extent defendant's motion to dismiss must be allowed.

> "We do not believe, however, that plaintiff is barred by limitations from recovery for the period July 15, 1946, to February 25, 1947."

To the same effect, see Hart v. United States, June 1953, 125 Ct.Cl. 294.

Since plaintiffs' petitions and motions for summary judgment allege sufficient facts to entitle them to the relief claimed,

it follows that plaintiffs' motions must be granted as to all claims for wages due and payable within the six years prior to the filing of their petitions and denied as to all other claims for wages. Defendant's motions must be granted as to all claims for wages due and payable prior to the six years previous to the filing of the petitions and denied as to the remainder.

It does not appear from the record in these cases on what basis the plaintiffs were paid, i. e., daily, weekly or monthly. It is accordingly impossible to indicate precisely what pay periods come within the statutory time. For example, if a plaintiff was paid on a monthly basis at the end of each calendar month and his petition was filed October 30, 1952, then he would be entitled to recover all payments due and payable from September 30, 1946, since his wages for October would not have been due and payable until October 31, 1946, which is within the six-year period.

Accordingly, if plaintiff Johnson had been paid on a monthly basis, under his petition filed on October 30, 1952, claiming all pay due him from March 18, 1946 to June 9, 1947, he would be entitled to summary judgment for all pay accruing from September 30, 1946 to June 9, 1947 (on which date he was restored to his former position and thereafter paid), and defendant would be entitled to summary judgment dismissing the petition as to all claims for pay accruing from March 18, 1946 to September 30, 1946.

The following facts are undisputed concerning each of the plaintiffs herein:

The petition of Walter DeSouto was filed on July 29, 1952. He was reduced in grade on May 20, 1946, and was restored to his former position on June 9, 1947, by order of the Civil Service Commission.

The petition of Jesse R. Gordon was filed on July 29, 1952. He was reduced in grade on July 22, 1946, and was restored to his former position on June 9, 1947, by order of the Civil Service Commission.

The petition of Robert M. Molesworth was filed on July 29, 1952. He was reduced in grade on July 1, 1946, and was restored to his former position on June 9, 1947, by order of the Civil Service Commission.

The petition of Arthur N. Johnson was filed on October 30, 1952. He was reduced in grade on March 18, 1946, and was restored to his former position on June 9, 1947, by order of the Civil Service Commission.

The petition of Max F. Haas was filed on March 6, 1953. He was reduced in grade on January 27, 1947, and was restored to his former position on May 18, 1947, by order of the Civil Service Commission.

The petition of Frank Turner was filed on March 6, 1953. He was reduced in grade on September 30, 1946, and was restored to his former position on May 19, 1947, by order of the Civil Service Commission.

The petition of Walter C. Zimmerman was filed on March 6, 1953. He was reduced in grade on June 10, 1946, and was restored to his former position on May 19, 1947, by order of the Civil Service Commission.

Defendant's motions for summary judgment are granted as to all amounts which accrued more than six years prior to the filing of the petitions and denied as to claims for pay which became due and payable and therefore accrued within six years of the filing of the petitions. Plaintiffs' motions for summary judgment are granted as to claims which accrued within six years of the filing of the petitions and denied as to claims accruing more than six years prior thereto. The amount due each plaintiff will be determined pursuant to Rule 38(c) of this court, 28 U.S.C.A.

It is so ordered.

MADDEN, Judge, concurs.

WHITAKER, Judge, delivered the following opinion, in which JONES, Chief Judge, joins.

These cases present an aspect of the applicability of the statute of limitations which is entirely different from that presented in Furlong v. United States, Ct. Cl., 146 F.Supp. 823; and Levadi v. United States, Ct.Cl., 146 F.Supp. 455. In the present case plaintiffs' rights are not dependent on the action of a board or agency, bust exist or not entirely independently thereof. However, I do not agree that plaintiffs' causes of action accrued on each pay period.

Judge Littleton's opinion correctly states:

"A cause of action of whatever nature can accrue only at the time that a suit may be maintained thereon, and from that date forward the applicable statute of limitation begins to run. * * *"

The first date on which plaintiffs could have instituted a suit in this court was the date upon which the Civil Service Commission rendered its decision. A suit instituted earlier was subject to dismissal on motion on the ground that plaintiff had failed to exhaust his administrative remedies. Martilla v. United States, 118 Ct.Cl. 177; Adler v. United States, Ct.Cl., 146 F.Supp. 956, and related cases, certiorari denied Baker v. United States, 77 S.Ct. 131.

The law vests in the Civil Service Commission jurisdiction to hear complaints of violations of the civil service law and regulations. In the absence of unusual circumstances, no court will entertain a suit to adjudicate an employee's claim until that Commission acts or delays unreasonably to act. Hence, his cause of action does not accrue until immediately after it has acted, and the statute of limitations does not begin to run until then. Otherwise stated, the statute is tolled until after plaintiff has completed pursuit of a remedy for the alleged wrong done him before the administrative tribunal given jurisdiction of such matters by Congress. After this tribunal has acted the statute begins to run.

This is true, I think, in this case, notwithstanding the fact that the Civil Service Commission could not order plaintiffs restored to their positions and order the payment to them of the pay of which they say they have been illegally deprived. This is because the Civil Service Commission is the body set up by Congress to see to it that the civil service laws are faithfully carried out, and to hear complaints of employees who think their rights have been violated. Since this is the body created by Congress to do this, it would be out of order for a court to entertain a suit by an employee until this body had had an opportunity to act.

Although its power was limited, it was still the body vested by Congress with supervision over the administration of the civil service laws.

As the Supreme Court said in United States v. Abilene & Southern Railway Co., 265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016, the denial or grant of relief before the exhaustion of all administrative remedies is a matter for the exercise of judicial discretion. I think it discreet, ordinarily, to refuse to entertain a suit until the Civil Service Commission has had a chance to pass on the matter.

If we refuse to pass on it until after the Civil Service Commission has acted, then the statute against a suit in this court should not run while the Commission is considering the matter. Thus, if an employee is discharged on April 1, say, and the Commission does not act on the propriety of his discharge until, say, October 1, plaintiff should not be barred from collecting pay that would have accrued on May 1, June 1, July 1, August 1, September 1, and October 1, provided the petition in this Court is filed within six years of October 1, the first day we would have entertained a suit.

Since plaintiffs' suits were filed within six years of the action of the Civil Service Commission, I am of opinion that plaintiffs are entitled to recover all the pay of which they have been illegally deprived. Although a payment was due

more than six years before the filing of the petition, the period of limitation on a suit on it does not commence to run until after the Civil Service Commission has acted. The foregoing is, of course, on the assumption that there was no undue delay in appealing to the Civil Service Commission.

I call attention to the distinction we have heretofore pointed out with respect to the tolling of the statute of limitations while administrative remedies are being pursued. The statute is tolled while mandatory administrative remedies are being pursued, but not while optional ones are being pursued. In the cases at bar resort to the Civil Service Commission must be considered a prerequisite to an employee's right to ask a court to adjudicate his claim, in the absence of unusual circumstances, such as those in Cuiffo v. United States, 131 Ct.Cl. 60.

Under Judge Littleton's opinion plaintiffs are entitled to recover only such payments as were due to be paid within six years prior to the filing of the petitions. The Chief Judge and I agree they are entitled to this recovery, but, in addition, we think they are entitled to recover payments becoming due while the Civil Service Commission was considering the matter, since their petitions were filed within six years of the action of the Civil Service Commission. Since only two judges concur in this view, judgment can be rendered only for those payments becoming due within six years of the filing of the petitions, four judges agreeing plaintiffs are entitled to recover this much.

LARAMORE, Judge (dissenting).

I respectfully dissent for the reason that in my opinion plaintiffs' causes of action accrued at the time of the alleged illegal reduction in grade. Chorba v. United States, 127 Ct.Cl. 826, and cases cited therein.