John A. FURLONG

v.

The UNITED STATES.

No. 324-54.

United States Court of Claims.

Dec. 5, 1956.

824

John Geyer Tausig, Washington, D. C., for plaintiff.

Francis X. Daly, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.
Plaintiff, a former Army reserve officer, brought this suit to recover disability retirement pay from July 18, 1946 to date, less disability compensation received from the Veterans Administration. The petition was filed August 5, 1954, and the case comes before the court on defendant's motion to dismiss plaintiff's petition, as amended, on the ground that the plaintiff's claim, if any, is barred by the statute of limitations.[1]

On September 12, 1945, plaintiff, while serving on active duty with the United States Army in the Philippines, was injured when struck in the abdomen by a

bullet which came through the canvas of his tent quarters. Attempts made by the Army doctors to remove the bullet were unsuccessful and the bullet has remained in the plaintiff's hip to this day. On July 18, 1946, the plaintiff was separated from the service not by reason of physical disability. Immediately prior to this separation plaintiff was examined at Lovell General Hospital, Camp Devens, Massachusetts, for the purpose of determining whether an operation should be performed to remove the bullet from his body. The medical officers at the hospital decided not to perform the operation and plaintiff sought their advice as to whether he should appear before a Medical Disposition Board and an Army Retiring Board. He was informed by the doctors that his disabilities were not sufficient to make him eligible for retirement benefits. Shortly thereafter on July 18, 1946, plaintiff was separated from military service not by reason of physical disability, with the rank of major.

Following his separation, plaintiff's physical condition grew worse and on January 3, 1947, he sought the advice of the Reserve Officer's Association as to whether, in the opinion of the association, it would be possible for him to appear before an Army Retiring Board. Plaintiff's request for permission to appear before the Board was forwarded by the association to the Adjutant General of the Army. On February 5, 1947, plaintiff was informed that his request would be given consideration if he submitted evidence which would justify his appear-

[1]. 28 U.S.C. § 2501 provides in pertinent part: "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed * * within six years after such claim first accrues."
Defendant's motion states as follows: "Defendant moves to dismiss plaintiff's petition, as amended, on the ground that the Court does not have jurisdiction thereof since it appears on its face that the claim sued on first accrued more than six years prior to the filing of plaintiff's petition, as amended, and is now barred by the statute of limitations."

In its conclusion in its brief in support of its motion, the defendant makes this statement: "Since there is no clear showing in plaintiff's petition of arbitrary or capricious action on the part of the Secretary of War, or any of his subordinate officials, plaintiff's petition does not state a cause of action within the jurisdiction of this Court and it should therefore be dismissed."
The motion itself does not include this ground for dismissal and as a result will not be considered by this court in rendering its opinion.

ance before the Board. Plaintiff submitted evidence along this line and on March 22, 1948, he was directed to enter Murphy General Hospital, Waltham, Massachusetts, for physical evaluation preliminary to an appearance before an Army Retiring Board. Plaintiff entered the hospital on August 3, 1948, which was two years after his release from active duty. On August 6, 1948, the Retiring Board found that plaintiff was not at that time permanently incapacitated for active duty. This decision was approved by the Secretary of War on September 2, 1948.

It is plaintiff's position that an honest evaluation of his case by Army authorities would have resulted in his having been declared eligible for the retired benefits provided for by statute, but that he was deprived of such statutory benefits by the arbitrary, capricious and unsupported findings and decision of the Army.

Defendant has moved to dismiss the petition on the ground that plaintiff's claim, on which he bases his suit, accrued upon his separation from the service on July 18, 1946, without retirement benefits, and is therefore beyond the six-year statute of limitations applying to claims filed in this court.

We must assume, for the purposes of defendant's motion, that the Army violated the law when it released plaintiff from the service without retirement benefits provided for by applicable statutes and that plaintiff has a claim against the United States founded upon an act of Congress, 28 U.S.C. § 1491(2). We therefore, at this time, need only decide whether plaintiff's claim, as defendant contends in his motion, is barred by the statute of limitations.

The retirement pay for which plaintiff sues is, in effect, an annuity due and payable periodically upon the last day of each month during retirement. Suits involving claims for periodic compensation involve multiple causes of action and are continuing claims. The liability on the part of the Government arises each time it fails to make payment when it is due,

as required by statute. Upon each occasion that a payment is withheld a new cause of action upon such claim accrues to the plaintiff, and only those claims for installments which were due and payable more than six years before the filing of the petition are barred by the statute of limitation of six years.

This rule is supported by a number of decisions of this court and the Supreme Court. In the early case of Bachelor v. United States, 8 Ct.Cl. 235, the plaintiff sued for compensation, paid annually on the fiscal year basis, which was withheld from him by the Treasury. Some of the years for which compensation was claimed fell within and part without the six-year period provided for in the statute of limitations. This court, in speaking of the statute of limitations, said:

"* * * But when the office, as in this case, is continued for more than one year, and the compensation payable annually, the statute, as in the case of a debt payable at several times, that is, by installments, begins to run from the end of each fiscal year, and cuts off all compensation not falling due within six years before the institution of the suit. * * * *"

The Bachelor case was followed in Ellsworth v. United States, 14 Ct.Cl. 382, which decision was affirmed by the Supreme Court in United States v. Ellsworth, 101 U.S. 170, 25 L.Ed. 862. In Watson v. United States, 21 Ct.Cl. 511, a retired Army officer sued for longevity pay which had been denied him by the Army more than six years preceding the filing of his petition. The Government's demurrer was sustained as to that part of plaintiff's claim which had accrued more than six years prior to the filing of the petition, and overruled as to the balance. The Supreme Court affirmed the decision of this court in United States v. Watson, 130 U.S. 80, 9 S.Ct. 430, 431, 32 L.Ed. 852, saying:

"* * * We also concur with the Court of Claims that in this case there can be no recovery for any part

of the claim that accrued prior to February 24, 1880, the day when the bar of the Statute of Limitations took effect. * * * The claim sued on is valid as to that part of it which accrued after that date."

Some of the many other cases in which we have followed this rule are Hornblass v. United States, 93 Ct.Cl. 148; Hermann v. United States, 81 F.Supp. 830, 113 Ct. Cl. 54; Pacific Maritime Association v. United States, 108 F.Supp. 603, 123 Ct. Cl. 667.

Although some of the recent decisions of this court are to the contrary, we are of the opinion upon further consideration of the question that the above-stated doctrine is the correct one and that it provides a rule to which this court should adhere in claims of this type.

In the instant case, plaintiff was, as we have said, separated from the service on July 18, 1946. Under the allegations of plaintiff's petition, which, for the purpose of the motion, we must accept as true, he should have been retired on that date for disability incurred as an incident of the service while on active duty and should have been awarded disability retired pay. Presumably his first installment of such pay was due and payable to him on July 31, 1946, and monthly thereafter. Since plaintiff's petition was filed in this court on August 5, 1954, all installments of retired pay claimed which were due and payable, and therefore first accrued, after July 31, 1948, are not barred by the statute of limitations, while all installments due and payable prior to July 31, 1948, are forever barred by the statute.

The defendant's motion will be granted as to plaintiff's claim for those installments of disability retired pay due and payable from July 18, 1946 to July 31, 1948, and will be overruled as to all payments due and payable from and after July 31, 1948.

It is so ordered.

MADDEN, Judge, concurs.

LARAMORE, Judge, dissents.

JONES, Chief Judge.

I concur with the opinion by Judge LITTLETON in so far as it denies in part and grants in part the defendant's motion to dismiss. What places this case in a somewhat different light from that usually encountered in the disability retired pay cases is the fact that unlike those cases, plaintiff's separation and initial appearance before the Army Retiring Board did not occur as part of the same transaction.

He was separated in 1946, but he did not appear before the retiring board until 1948. He alleges that his failure to appear before the board at the time of his separation was due to the fact that he was misled by the defendant's medical officers who examined him at that time; that when he suggested that he should appear before a Medical Disposition and an Army Retiring Board they informed him that his disabilities were insufficient to make him eligible for retired pay or, if so, were not of a permanent nature; that as a result he was separated from the service as a major physically fit for active duty, but that after several months of treatment and disappointment it became apparent that plaintiff's condition would never improve and that he was permanently incapacitated and physically unfit for active duty.

If plaintiff was thus misled, then I am of the opinion that the question of his entitlement to retirement benefits did not become closed in so far as the Army was concerned until September 2, 1948, on which date the Secretary of the Army approved the findings of the Army Retiring Board which denied him disability retired pay.

I would deny the Government's motion and permit plaintiff to go to trial with the opportunity to show, first, whether he was in fact misled, and, second, whether the retiring board's decision against him

was the result of arbitrary or capricious action.

WHITAKER, Judge.

I agree with the Chief Judge that plaintiff's cause of action did not accrue until September 2, 1948, which was the date the Secretary of the Army approved the action of the retiring board denying plaintiff disability retired pay.

Ordinarily the time for an officer to make application to go before a retiring board is before he is separated from the service, but there is no requirement that he do so then or not at all. See Updike v. United States, 132 F.Supp. 957, 132 Ct.Cl. 627; Steen v. United States, Ct.Cl., 141 F.Supp. 946; Palluconi v. United States, Ct.Cl., 143 F.Supp. 572; Charles Edward Vaughn v. United States, Ct.Cl., 147 F.Supp. 280. Plaintiff did not do so and was separated not for physical disability.

This did not give him a right of action in this court, because Congress has vested in a retiring board and the Secretary of the service concerned jurisdiction to determine an officer's right to disability retired pay. We can never acquire jurisdiction of an officer's claim to retired pay until this board and the Secretary have acted or have refused to act. It is then that an officer's right of action in this court first accrues. The acts conferring jurisdiction on this court require that the suit must be brought within six years from this time.

Plaintiff's cause of action, therefore, accrued on September 2, 1948, the date the Secretary approved the action of the retiring board. Plaintiff's petition was filed within six years thereafter.

I agree with the Chief Judge that plaintiff should be permitted to go to trial with the opportunity to show whether the retiring board's decision against him was the result of arbitrary or capricious action.