Williams, Judge,
delivered the opinion of the court:
The plaintiff on May 23, 1928, resigned as regional adjudication officer, Milwaukee Eegional Office, Veterans’ Administration, Milwaukee, Wisconsin, which position he had held for a number of years.
The plaintiff was last paid his salary to May 15, 1928. The salary from May 15, 1928, to May 23, 1928, the effective date of his resignation, amounting to $50.00, has not been paid. Prior to the date of his resignation there had been deducted from the salary of the plaintiff and credited to the civil-service retirement fund the sum of $545.37, which sum was not returned to the plaintiff upon his resignation but was, under the order of the Comptroller General, paid to the Treasurer of the United States to apply on an alleged indebtedness of the plaintiff to the United States.
Under the provisions of title 5, U. S. C., section 274 (b), the plaintiff upon his resignation became entitled to have returned to him the amount deducted from his salary and credited to the civil-service retirement fund, with interest thereon at 4% per annum compounded on June 30 of each year, subject, of course, to any indebtedness from him to the *310 United States. He was also clearly entitled to receive- the $50.00 then due him as salary, or a total sum of $595.87.
' The defendant in its amended counterclaim asks for judgment against the plaintiff for the sum of $2,415.92,. composed of two items, viz: (1) $1,915.92, the amount of the award of compensation paid to William Morrell on May 11, 1928 (findings 5 and 6) less $545.37, the amount standing to plaintiff’s credit in the civil-service retirement fund paid into the Treasury of the United States on the order of the Comptroller General, and (2) the sum of $500.00, the amount of a fine imposed on plaintiff by the United States-District Court of the Eastern District of Wisconsin, on January 20, 1930, which fine has not been paid.
We think the defendant is entitled to recover on the second item of its counterclaim. The $500.00 fine was imposed on the plaintiff by the judgment of a court of competent jurisdiction. The plaintiff says in his brief that he served 30 days’ imprisonment in expiation of this fine and that his legal obligation in respect to the judgment has been satisfied thereby. There is nothing in the record of the case to sustain this contention. The plaintiff did not testify upon the hearing of the case before the commissioner of the court to whom the case was referred for the taking of proof, and submitted no evidence of any kind either in support of his own claim or in defense of the Government’s counterclaim, although the commissioner twice visited Milwaukee, where he lives, and sought to take his testimony. The discharge of plaintiff as an indigent convict, under Section 641, Title 18, U. S. C., because of inability to pay the fine assessed against him did not discharge or satisfy judgment for th¡e fine. Grier v. Kennan, 64 Fed. (2d) 605. The judgment of $500.00 against him in favor of the United States stands on the records of the court unsatisfied and is an indebtedness which the Government by counterclaim has a right to assert.
The other item of the counterclaim stands on an entirely different footing. The findings of the commissioner of the court, which the defendant in the brief requests the court to adopt as its special findings of fact, disclose that the award of $2,461.29 made to Morrell in May 1928 was.regu *311 larly made under the procedure and practice of the regional office at the time, and that Morrell’s claim prior to making the award had been examined by the claims examiner, the acting regional manager of the Milwaukee Regional Office, as well as by plaintiff, all of whom approved the claim. There is no competent proof that the Government was defrauded or that the veteran, Morrell, was not entitled under the law and facts existing at the time to the compensation awarded him. He had previously, in 1920, been awarded compensation at the rate of $20 per month by the Veterans’ Bureau effective from January 30, 1918. The plaintiff had no connection whatever with the making of this award. The veteran’s whereabouts being unknown to the Bureau, he had received no payments on this award, the accumulated amount of which was $2,461.29 on May 11, 1928, when the amended award involved in this case was made awarding payment of that amount. The amended award, as stated, was approved by the acting regional manager of the regional office, plaintiff’s superior officer, and by the claims examiner who was subordinate to the plaintiff. The action taken by the Milwaukee Regional Office in making the award was regular in every way and was in strict accordance with the procedure and practice then in force in the regional office. The plaintiff’s offense lay in the fact that he took advantage of his position in the regional office to expedite the sending out of the check for payment of the award, and, through a conspiracy with the veteran’s attorney, was the recipient of a bribe for his services in that connection. Reprehensible and criminal as his conduct in that regard was, it in no way invalidated the award, which so far as the record shows was properly and legally made. The defendant, therefore, is not entitled to recover on this item of the counterclaim.
The plaintiff is entitled to recover $595.37, subject to a set-off of $500.00 which the defendant is entitled to recover on its counterclaim. Judgment is awarded the plaintiff for $95.37. It is so ordered.
Whauey, Judge; LittletoN, Judge; GreeN, Judge; and Booth, GMef Justice, concur.