Whitaker, Judge,
delivered the opinion of the court:
It is stipulated that plaintiff is a disabled veteran of World War I and as such is entitled to compensation in the amount of $936.84. It is also stipulated that he is entitled to $402.50 as the beneficiary-of a War Bisk Insurance policy on the life of his brother, another veteran of World War I. These sums are being withheld from him, however, because the defendant asserts the right to offset them against a fine of $5,000 imposed on plaintiff for violation of the White Slave Act. He sues to recover them.
We think it is clear that the right of offset is denied by the Act of August 12,1935 (49 Stat. 607, 609). That Act plainly manifests the purpose of preserving for the support of the veteran all benefits under the War Bisk Insurance Act, whatever his financial obligations or desires. It makes them nonassignable, exempts them from taxation, and makes them immune from all creditor process.
Obviously claims of the United States come as much within the purpose of the statute — to preserve the benefits for the support of the veteran — as the claims of private creditors, and, therefore, although the sovereign was not expressly named, it would seem its claims would be included therein. It was evidently so intended because the benefits are made expressly exempt even from the sovereign’s claim for taxes. If exempt from such a claim, it would seem they would be exempt from all. Indeed the Act provides for only one de *292 mand to which they are subject, that is one due the “United States arising under such laws,” to wit, the veterans’ benefit Acts. This is the only exception made. Under a familiar maxim it is to be presumed no other one was intended.
The question here presented was not discussed in O’Leary v. United States, 82 C. Cls. 305.
We must conclude, therefore, the defendant is not entitled to the set-offs claimed.
It is said, however, that we have no jurisdiction to render judgment for the compensation claimed because of the provisions of the World War Veterans Act of 1924 (43 Stat. 607; Title 38 U. S. C. sec. 426), the Act of March 20, 1933 (48 Stat. 8, 9), and the Act of October 17, 1940 (c. 893, sec. 11, 54 Stat. 1193, 1197). These Acts make the decisions of the Administrator of Veterans’ Affairs final and conclusive on all questions of law and fact “concerning a claim for benefits” but plaintiff is not contesting the Administrator’s decision on his claim for benefits. He accepts it and sues on it. What he does question is the action of the Administrator and the Comptroller General in doing something outside of the veterans’ Acts, the setting off of amounts admittedly due him under those Acts against an extraneous demand against him. The right to decide such a question is not conferred on the Administrator.
Jurisdiction is conferred on the District Courts of controversies over a claimant’s right to insurance; but there is no controversy here over the insurance to which plaintiff is entitled; it is over the right to appropriate the amount of insurance admitted to be due to satisfy a claim arising outside the Act.
We think our jurisdiction is clear. Plaintiff is entitled to recover the sum of $1,339.34. Judgment for this amount will be rendered. It is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.