The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Phyllis J. BROWN, Steven L. Boyce, as guardian and conservator of Phyllis J. Brown, Linda Palmer, Laurie Brown, and State of Kansas, Department of Social and Rehabilitation Services, Defendants.**

**Civ. A. No. 88–4015–S.**

United States District Court, D. Kansas.

April 10, 1989.

Grant M. Glenn, Bryan K. Daniel, Cosgrove, Webb & Oman, Topeka, Kan., for plaintiff.

Steven L. Boyce, pro se.

Robert R. Hiller, Jr., SRS Fraud & Recovery Section, Topeka, Kan., for State Dept. of Social and Rehab. Services.

Ronald W. Fairchild, Gregory F. Maher, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for Linda Palmer and Laurie Brown.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion for partial summary judgment of defendants Linda Palmer and Laurie Brown. Defendants contend that defendant State of Kansas should be dismissed from this interpleader action. Defendants argue that the state has no valid claim to the insurance proceeds, which are the focus of this action.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The following facts are uncontroverted by the parties involved in this motion. Mark A. Brown was a member of the Kansas National Guard. This association with the military allowed him to procure a Servicemen's Group Life Insurance policy. Plaintiff Prudential Insurance Company of America issued Servicemen's Group Life Insurance policy number G–32000, which insured the life of Mark A. Brown in the amount of $50,000. The insured, Mark A. Brown, died on June 30, 1987, in Lyon County, Kansas. The insured was not married at the time of his death and was not survived by any issue. Phyllis J. Brown is the surviving natural mother of the insured. The defendants, Linda Palmer and Laurie Brown, are surviving sisters of the insured. By letter dated July 15, 1987, the military division of the Kansas State Adjutant's Office notified the Office of the Service's Group Life Insurance that the insured's original beneficiary election form (VA Form 29–8286) could not be furnished. The original of the form, which was to be kept by the decedent's assigned unit, could not be found.

The insured's sisters, Linda Palmer and Laurie Brown, contend that they are the beneficiaries of the policy. If the court determines that the insured did not designate a beneficiary, the policy proceeds are distributed in the order of precedence set forth in 38 U.S.C. § 770(a). Under this section, Phyllis J. Brown, mother of the

insured, probably would be entitled to the proceeds. The State of Kansas, Department of Social and Rehabilitation Services, has asserted an interest in this interpleader action. The State's claim is based on an agreed journal entry in Coffey County District Court against the guardianship and conservatorship of Phyllis J. Brown. This claim arose from hospital expenses incurred by Phyllis J. Brown while she was a patient at Osawatomie State Hospital. These expenses were paid by the State.

The issue presented is whether the defendant State of Kansas may have a claim or interest in the insurance proceeds that would entitle the State to remain a party in this interpleader action. The State asserts that it has a valid claim against defendant Steven Boyce, conservator of Phyllis J. Brown, due to expenses incurred by the State for Phyllis Brown's hospitalization. The sisters maintain that the State can make no such claim against the proceeds pursuant to 38 U.S.C. § 770(g).

The statutory language at issue in this motion states, in relevant part:

> Payments of benefits due or to become due under Serviceman's Group Life Insurance ... made to, or on account of, a beneficiary ... shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any law or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C. § 770(g). The United States Supreme Court has recently interpreted this statute in *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). The Court discussed the "unqualified sweep" of section 770(g). The Court stated that this section "in addition to exempting the policy proceeds 'from the claims of creditors,' prohibits, *in the broadest of terms*, any 'attachment, levy, or seizure by or under any legal or equitable process whatever,' whether accomplished 'either before or after receipt by the beneficiary.'" *Id.* at 61, 102 S.Ct. at 58. The Court stated that the clear language of the statute required a broad application of the anti-attachment provision to give full effect to the intent of congress. The Court, quoting *Hisquierdo*

*v. Hisquierdo*, 439 U.S. 572, 584, 99 S.Ct. 802, 809, 59 L.Ed.2d 1 (1979), stated that the anti-attachment provision "ensures that the benefits actually reach the beneficiary. It preempts all state law that stands in its way. It protects the benefits from legal process '[n]otwithstanding any other law ... of any State'...." *Id.* at 61. Courts applying similar statutory language have prohibited all claims of creditors. *See McElhany v. United States*, 101 Ct.Cl. 286, 291–292 (1941) (Applying a similar provision in the War Risk Insurance Act, the court held the insurance proceeds resulting from the Act were immune from all creditors' claims, even claims by the sovereign.); *In re Milton's Estate*, 48 Wash.2d 389, 294 P.2d 412, 414 (1956) (applying a similar provision of the National Service Life Insurance Act).

Defendant State of Kansas contends that the anti-claims and anti-attachment language of section 770(g) and the holding of *Ridgway* apply only to designated beneficiaries. The State maintains that the language of *Ridgway* indicates that the anti-claims and anti-attachment provision is to protect only those beneficiaries who have been designated in a writing signed by the insured. The court finds this argument unconvincing. The term beneficiary in section 770(g) and in the holding of *Ridgway* is not modified by the adjective "designated." The Supreme Court in *Ridgway* states that section 770(g) prevents the assertion of claims against the proceeds "in the broadest of terms." This court will not read into the statute terms which would alter the intent of congress. A beneficiary need not be a designated beneficiary to be entitled to the protections found in section 770(g).

The defendant State of Kansas also relies on an Arkansas supreme court case as supporting their right to proceed as a party in this interpleader action. The State relies on *Cruce v. Arkansas State Hospital*, 241 Ark. 680, 409 S.W.2d 342 (1966). The State maintains that under the *Cruce* case it is entitled to remain a party in this interpleader action. The State argues that it is not a creditor seeking a claim, but a party seeking reimbursement for care and maintenance provided to a beneficiary.

The Arkansas case involved a situation quite similar to the present case. The state was seeking reimbursement for expenses incurred in the care of a deceased veteran's mother in a state hospital. The court believes that defendant State of Kansas has misread this case. This case specifically held that the insurance proceeds which the veteran's mother received under the National Service Life Insurance Act were exempt from any claim asserted by the state. The court, however, held that the pension benefits that the mother received from the Veterans Administration were not exempt from such a claim. This decision was based primarily on the purpose of the pension benefits, which was to provide for the maintenance and support of the veteran. *See Cruce,* 409 S.W.2d at 348.

The court finds that any claim or interest the State of Kansas has against a potential beneficiary cannot be asserted in this interpleader action. The clear language of section 770(g) bars any such claim in the insurance proceeds. Therefore, the court will dismiss defendant State of Kansas from this interpleader action.

IT IS BY THE COURT THEREFORE ORDERED that defendants Linda Palmer and Laurie Brown's motion for partial summary judgment against defendant State of Kansas is granted.